## Commonwealth v. Maun

*Daniel E. Teeter*, for Commonwealth.

*J. Francis Yake, Jr.*, for defendant.

SHEELY, P. J., June 25, 1949.—Defendant, having waived a summary hearing before a justice of the peace on a charge of speeding, and having given bond for appearance for trial before a judge of the court of quarter sessions under the provisions of section 1204 of The Vehicle Code of May 1, 1929, P. L. 905 (75 PS §734), has filed a motion to dismiss the proceedings

because of alleged defects in the notice to appear mailed to him by the justice of the peace as required by section 1202 of The Vehicle Code (75 PS §732). The question presented is whether a defect in such notice vitiates the proceedings and requires a dismissal thereof in the court of quarter sessions.

In Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 528 (1941), it was held that a defendant waiving a hearing before the magistrate and giving bail for appearance for trial before a judge cannot successfully attack the magistrate's record because of procedural irregularities such as the failure of the information and record to show that the magistrate was the nearest available magistrate, and that he had mailed the notice required by section 1202, which irregularities do not affect the jurisdiction of the magistrate. The court there found as a fact that the magistrate was the nearest available magistrate within the meaning of the code and that notice had in fact been mailed; the question before the court being the sufficiency of the magistrate's record.

The only objections open to defendant under this decision are those which affect the jurisdiction of the magistrate either as to subject matter or as to the person of defendant. The question to be determined, therefore, is whether a defective notice affects the jurisdiction of the magistrate. It cannot affect his jurisdiction of the subject matter. This jurisdiction is conferred by law and relates to the competency of the magistrate to determine controversies of the general class to which the case presented for his consideration belongs: McCabe v. Ivory, 338 Pa. 572, 575 (1940).

"In the sense, however, in which the term ordinarily is used, jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case. It is the power lawfully conferred to deal with the general subject involved in the action": 14 Am. Jur. 363.

Jurisdiction of the subject matter of violations of the summary provisions of The Vehicle Code is conferred upon the nearest available magistrate in the municipal subdivision in which the alleged violation occurred: Section 1201 (75 PS §731).

Jurisdiction of the person of defendant may be secured by an arrest, with or without a warrant: Sections 1211, 1203, 1202 (75 PS §§741, 733, 732). Probably realizing the unnecessary expense, inconvenience, and embarrassment to a defendant in being subjected to arrest on a warrant for a simple traffic violation, the legislature provided an additional method of securing jurisdiction of the person of defendant. In section 1202(a) (75 PS §732) it is provided that "within the period of seven days (7) after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

"If the person named in the information shall not voluntarily appear within ten days (10) of the date of the written notice", the code provides for the issuance and service of a warrant: Section 1202(1). The purpose of this provision, and of the notice therein provided for, was to give defendant an opportunity to appear voluntarily and thereby avoid the necessity for a warrant and an arrest.

The effect of the notice under this section is not to give the magistrate jurisdiction of the person of defendant as is the case where a summons is served upon defendant in a civil action, and a failure to comply with the notice does not result in a default so far as the subject matter of the case is concerned; it merely results in the use of process to secure jurisdiction of his person. That which gives the magistrate jurisdiction

of defendant is his voluntary appearance and not the fact of the notice being mailed to him.

While jurisdiction of the subject matter cannot be acquired by consent, and an objection to the lack of jurisdiction of the subject matter may be made at any stage of the proceeding, jurisdiction of the person of defendant may be acquired by consent of the accused or by waiver of objection: 14 Am. Jur. 917.

"A general appearance by a defendant in an action against him in a court having jurisdiction of the subject-matter confers jurisdiction of his person, regardless of the fact that process was not served upon him, or of the fact that the process or the service thereof may have been defective. His position is just what it would have been if he had been brought in regularly by the service of process. Such an appearance amounts to a waiver of the issuance or the service of process or notice, and estops a defendant who has thus voluntarily appeared from objecting to want of jurisdiction over his person": 3 Am. Jur. 803.

How then can a defendant who voluntarily appears be heard to say that the magistrate had no jurisdiction of his person because the notice which led to his appearance was defective? How can he, after he has voluntarily appeared before the magistrate, waived summary hearing and given bond for his appearance for trial before a judge of the court of quarter sessions, say that he was harmed by informalities or omissions in the notice? Upon his voluntary appearance the notice has fulfilled its entire purpose—it has apprised him of the charge pending against him and of the magistrate before whom it was pending, and defendant has appeared and taken the next step.

We are aware of the fact that in a number of cases it has been held that a defective notice vitiates the proceeding even though defendant has voluntarily appeared. We think these cases overlook the fact that

the notice mailed to defendant is not a process by which the magistrate acquires jurisdiction but that it is merely a notice to give defendant an opportunity to appear voluntarily and thereby avoid the necessity of process. In Commonwealth v. Bennett, 32 D. & C. 542 (1938), defendant appeared before the magistrate after information laid and before notice had been mailed and requested the magistrate to deliver the copy of the information and the notice to him personally so that he would not have to go to the post office to receive the registered letter. We held this sufficient to give the magistrate jurisdiction of the person of defendant although the notice was not served in the manner prescribed by the code. In that case we said: "If the justice of the peace fails to give the notices required by Section 1202 . . . he does not have jurisdiction" without considering the effect of a voluntary appearance.

In Commonwealth v. Beaver, 58 D. & C. 97 (1946), relied upon by defendant, Judge Wingerd of Franklin County held that the mailing of a defective notice deprived the magistrate of jurisdiction of the subject matter on the theory that the mailing of a proper notice was a prerequisite to the issuance of a warrant for the arrest of defendant, and that a court cannot have jurisdiction of the subject matter unless it has authority to issue process for defendant. Assuming that the mailing of a proper notice is a prerequisite to the issuance of a warrant for the arrest of defendant, we do not agree that the mailing of a defective notice deprives the magistrate of jurisdiction of the subject matter. At most it would merely deprive him of authority to secure jurisdiction of the person of defendant by the issuance of a warrant. In Reg. v. Hughes (1879) L. R. 4 Q. B. Div. (Eng.) 614, Hawkins, J., said:

"There is a marked distinction between the jurisdiction to take cognizance of an offense, and the jurisdiction to issue a particular process to compel the accused to answer it. The former may exist; the latter may be wanting." See 96 A. L. R. 984.

"The difference between jurisdiction of the subject matter and of the person of the defendant may be illustrated by the supposititious case of a person who, though not arrested or subject to arrest or having a good plea in abatement if arrested, nevertheless voluntarily goes to trial in a court of a justice of the peace and thus submits himself to that jurisdiction. He may then be tried by the justice on any charge of crime which the justice has jurisdiction to try and be adjudged, on conviction, to suffer any penalty fixed by law for the punishment of such crime which the justice has jurisdiction to impose. But, although he thus submits his person to the jurisdiction of the justice of the peace, that court may not try him for a felony or sentence him to be imprisoned in the penitentiary or to be hanged"; 14 Am. Jur. 917.

We conclude that a notice as required by section 1202 of The Vehicle Code is not a prerequisite to jurisdiction of the subject matter, and that a defendant appearing before a magistrate voluntarily in answer to a defective notice thereby submits himself to the jurisdiction of the magistrate. Any defect in the notice is but a procedural defect. We agree with the conclusion of Judge Wright of Bedford County in Commonwealth v. Wentz, 52 D. & C. 690 (1945), and the decision of Judge Knight in Commonwealth v. Greene, 40 D. & C. 546 (1940).

And now, June 25, 1949, defendant's motion to dismiss is overruled; defendant is adjudged guilty as charged and is directed to appear for sentence.