Commonwealth *v.* Coldsmith, Appellant.

Argued March 8, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

284

*Harold R. Prowell,* with him *Elmer E. Harter, Jr.* and *Prowell & Harter,* for appellants.

*William H. Saye,* Assistant District Attorney, with him *Huette F. Dowling,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

The appellants were apprehended while driving on Route 22 in Dauphin County and charged with speeding under Article X, §1002(b) (6) of The Vehicle Code. They waived hearing before the justice of the peace and, after hearing, were found guilty by the Quarter Sessions Court. These appeals raise four objections, all of which were overruled by the court below.

At trial motions to quash the informations were made and overruled. The motions alleged first that the informations did not set forth that the justice of the peace was the nearest available magistrate or that his office was in the township where the violations occurred. Examination of the information reveals that the situs of the violations was East Hanover Township. The seal of the justice of the peace was imprinted on the informations and clearly revealed that his office was in that township. No attempt has been made by appellants to prove that the justice was in the wrong township or that

he was not the nearest available magistrate. Where the defendant is brought before a justice of the peace in the same township as the situs of the offense, it is presumed he is the nearest available magistrate, and the defendant has the burden of proving the contrary. *Commonwealth v. Arcara*, 81 D. & C. 42. The motions to quash also objected to the fact that the summons or notice to appear was not attached to the information and did not appear in the record. Again no attempt was made to prove that a proper summons was not sent. The transcript clearly states that "notice of filing of the information sent to defendant, together with a copy thereof, by registered mail." At any rate the absence of an indication in the record that the proper notice to appear had been sent would be a procedural irregularity which would not affect the justice's jurisdiction. *Commonwealth v. Burall*, 146 Pa. Superior Ct. 525, 22 A. 2d 619. The appellants have no cause to complain on this ground, since they did appear and have a hearing and offered no proof of defectiveness of notice.

Appellants also contend that §1002(d) of The Vehicle Code, 75 PS § 501, is unconstitutional as abridging the right "to meet the witnesses face to face" which is guaranteed to defendants in criminal prosecutions by Article I, § 9 of the Constitution of Pennsylvania. The statute in issue provides that "An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, the date thereof, and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section." It is contended that this statute prevents a

speed violator from cross-examining the mechanic who tested the speedometer of the arresting officer.

The right "to meet the witnesses face to face" is intended to secure the right of cross-examination. This is really, therefore, only an application of the hearsay rule. The hearsay rule, or the right to cross examine, has never been devoid of exceptions. Wigmore on Evidence, Vol. V, § 1397. One of these exceptions, long imbedded in our law, is that of public documents or official statements of public officers. The reason for such exception is the inconvenience of the attendance at a hearing of a public official and the trustworthiness of one entrusted with a public duty based on the absence of a motive to falsify or misrepresent. Such reasoning clearly obtains here, where a mechanic would have no purpose in falsely certifying to the accuracy of a speedometer. The mechanics in official testing stations, although not public officials in the usual sense, are clothed with an official state function by §1002(d) (2) of The Vehicle Code and the regulations pursuant thereto.

A certificate of birth, death or marriage has been made prima facie evidence of the facts therein by the legislature. Act of June 7, 1915, P. L. 900, § 21, 35 PS §471, as amended by Act of June 29, 1953, 35 PS § 450.810. In many other instances the legislature has provided that certificates and affidavits made under official duty and sanction be admitted as evidence, including copies thereof. See Microfilms as Evidence, 62 D. & C. 537, and the various statutes cited therein. See also *Commonwealth v. Steele,* 362 Pa. 427, 66 A. 2d 825, in which an army discharge was admitted into evidence without the necessity of calling as a witness the official who prepared it. The examples are numerous of the acts of legislatures establishing new and varied public functions and making admissible certain documents evidencing the discharge of such functions. "It cannot be

thought that the Constitution was intended to close the door to the legislative department of government to establish new public records with like probative value. Existing public records did not become rigid for all time for evidential purposes." *Commonwealth v. Slavski,* 245 Mass. 405, 140 N.E. 465 (in which a certificate of chemical analysis was held admissible). See Wigmore on Evidence, Vol. V, §§ 1672 and 1674.

"The enforcement of speed limits presents a practical problem capable of solution only when the law is flexible enough to meet existing conditions upon the highways. Methods of enforcement, embodying as they must, provisions for the protection and safety of lawful users of the highway, to be effective at all, must be capable of application to every section of the road and not restricted to certain measured stretches. The legislature, when it enacted § 1002(d) of the Vehicle Code attempted a practical solution of the problem and provided a method that was reasonably certain to measure speed with accuracy. The requirement that monthly inspections be made of speedometers on motor vehicles of peace officers was written into the act for the protection of the users of the highway to prevent unwarranted arrests, and not to hamper the Commonwealth in its proof. . . . This device has been in common use on automobiles for more than 25 years and is recognized as an instrument reasonably reliable in measuring rates of speed. If absolute proof of its accurate operation were required, it would be necessary for the Commonwealth to prove, also, the accuracy of the mechanical devices used in applying the test, making it difficult if not impossible of obtaining a conviction in any case." *Commonwealth v. Parish,* 138 Pa. Superior Ct. 593, 10 A. 2d 896. It follows therefore that §1002(d) of The Vehicle Code is constitutional and that the certificate of the speedometer test was properly admitted.

The appellant Coldsmith raises one further question in this appeal. Both appellants were arrested together after having been followed by the police for the required distance. Coldsmith's car was in front of Pheil's and the former contends that a police officer cannot time more than one vehicle at a time, even though both vehicles are traveling in the same lane of traffic, one close behind the other. We cannot accede to any such generalization. *Commonwealth v. Mummert,* 70 D. & C. 389, cited by appellant, which condemned the arrest of two cars at once, is, as stated by the court below, distinguishable on its facts. There the timing was done at night; here it was in broad daylight. If the evidence reveals that the officer had a clear view and could see that the gap between both automobiles remained the same for a sustained period, there is no reason why it cannot be concluded that the front car was exceeding the speed limit, or else it would have been struck from the rear.

Judgment affirmed.