## Commonwealth v. Jiras

*Frederick H. Bolton* and *Huette F. Dowling*, for Commonwealth.

*James W. Evans* of *Shelley, Reynolds & Lipsitt*, for defendant.

NEELY, J., June 27, 1955.—Defendant waived a summary hearing before a justice of the peace on a charge of speeding and gave bond for appearance for trial in this court under the provisions of section 1204 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §734.

At the trial defendant made a motion to dismiss the proceedings because of alleged defects in the notice to appear which was mailed to him by the justice of the peace, as required by section 1202 of The Vehicle Code, 75 PS §732. After consideration of the matter at the trial, we overruled the motion and found defendant guilty and imposed a sentence of fine and costs. Subsequent to the trial, defendant filed a petition for rule upon the district attorney to show cause why the charge against defendant should not be dismissed and defendant discharged because of the alleged defects in the notice to appear. The rule was granted and the matter is now before us on the petition and rule.

Section 1202(a) of The Vehicle Code provides, inter alia, that:

". . . within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

It is provided in this section of the code (1202-1) that: "If the person named in the information shall

not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue. . . ."

One of the purposes of the provisions of this section concerning notice is to give defendant an opportunity to appear voluntarily, thereby avoiding the inconvenience and embarrassment of being subject to arrest on a warrant.

The notice which was sent by the justice of the peace in this case was defective, in that it was dated March 6, 1954, notifying defendant to appear on or before March 16, 1954; whereas the information was made on March 31, 1954, for a violation of The Vehicle Code which occurred on March 27, 1954. The notice was sent by registered mail on April 6, 1954, with a return receipt requested, and was received by defendant on April 7th. The question here presented is whether this defective notice so impairs the validity of this proceeding as to require a dismissal thereof in this court.

The notice required by section 1202 of the code is a procedural requirement that must be fulfilled by the magistrate in order to obtain jurisdiction of defendant's person. The effect of the notice, however, under this section is not to give the magistrate jurisdiction of the person. That which gives the magistrate jurisdiction over the person of a defendant under section 1202 is either the voluntary appearance of defendant in compliance with the notice, or his arrest on a warrant issued when he fails to appear pursuant to the notice.

It was held in a learned opinion by Judge Sheely in Commonwealth v. Maun, 68 D. & C. 288 (1949), that where defendant had received a defective notice and, nevertheless, appeared before the magistrate, waived hearing and posted bond for trial in court, that he had thereby submitted himself to the magistrate's juris-

diction. We quote from page 293 of Judge Sheely's opinion:

"We conclude that a notice as required by section 1202 of The Vehicle Code is not a prerequisite to jurisdiction of the subject matter, and that a defendant appearing before a magistrate voluntarily in answer to a defective notice thereby submits himself to the jurisdiction of the magistrate. Any defect in the notice is but a procedural defect. We agree with the conclusion of Judge Wright of Bedford County in Commonwealth v. Wentz, 52 D. & C. 690 (1945), and the decision of Judge Knight in Commonwealth v. Greene, 40 D. & C. 546 (1940)."

In our judgment, these conclusions are valid and applicable in this case.

Judge Sheely's opinion was adopted by our own President Judge Smith in Commonwealth v. Proie, 66 Dauph. 4, 6 (1954), wherein Judge Smith stated:

"Further, it is our considered judgment that the defect in the aforesaid notice, if any, was but a procedural defect and that, when the defendant voluntarily waived a hearing and entered bond for appearance in court, he thereby consented to the jurisdiction of the Justice of the Peace over his person. In so holding we adopt the most able and comprehensive opinion of Sheely, P. J., in Commonwealth v. Maun, 68 D. & C. 288 (1949)." See, also, Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941); Commonwealth v. O'Donnell, 65 Dauph. 8 (1953); Commonwealth v. Greene, supra; Commonwealth v. Wentz, supra; Commonwealth v. Bair, 75 D. & C. 512 (1951); Commonwealth v. Schuster, 38 Del. Co. 358 (1951).

The transcript shows that defendant, who was served with a notice on April 7th, through his attorney on June 25 "called (by telephone) and asked that the warrant be served" on defendant; that the warrant was served; that a hearing was set for July 8,

1954, and defendant was notified of this hearing by letter on July 2, 1954; that defendant's attorney on July 7, 1954, requested that the hearing be postponed because he was unable to be present. The hearing was again set for August 6, 1954, at 1:30 p.m., and on that date both defendant and his counsel appeared, and defendant waived a hearing and posted bond for appearance for trial in this court.

We believe that where defendant requested the justice of the peace to invoke the procedures of section 1202 of The Vehicle Code to obtain jurisdiction of his person, namely, by the issuance of a warrant, and, after successive continuances granted at his request, defendant appeared, waived a hearing and posted bail for trial in this court, he must be held to have submitted his person to the jurisdiction of the justice of the peace: Cf. Commonwealth v. Caserta, 177 Pa. Superior Ct. 461, 466 (1955).

Defendant cites Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950), wherein the Superior Court stated that jurisdiction of the subject matter cannot be conferred by consent. The question involved in that case was whether under section 1201 of The Vehicle Code, 75 PS §731, a magistrate outside of the township where the traffic violation was committed had jurisdiction of the case, even though he was the nearest available magistrate, there being no person within the township actively discharging the duties of magistrate. The Superior Court held that jurisdiction of the subject matter was in the magistrate in the municipality adjoining the township.

In the instant case, however, the proceedings were instituted before the nearest available magistrate in the township where the offense was committed and jurisdiction of the subject matter was in the justice of the peace. The notice required in section 1202 of The Vehicle Code was not a prerequisite to the juris-

diction of the subject matter. That notice related only to the manner of acquiring jurisdiction of defendant's person. Jurisdiction of the person of defendant could be and was conferred in this case by consent.

And now, June 27, 1955, defendant's petition to dismiss the proceedings and discharge defendant is herewith refused; the rule granted upon the district attorney is vacated and the district attorney is directed forthwith to enforce the sentence heretofore imposed.