## Commonwealth v. Bower

John T. Acton, District Attorney, for Commonwealth.

J. Willard Schoelkopf, for defendant.

DANNEHOWER, P. J., June 2, 1960.—This case is before us on defendant's motion to quash the information filed for the reason that it does not specify that it was filed before the nearest available magistrate to the scene of the alleged offense. The information was filed against defendant by Trooper Emilio B. Liberatore on January 16, 1960, and alleges a violation of subsection (b)-6, section 1002 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002(b)-(6). This subsection makes unlawful speeds in excess of a posted limit of 50 miles per hour.

The information sets forth the alleged offense with particularity and states that it occurred "in the Township of Upper Hanover, County of Montgomery, State of Pennsylvania." It was sworn to and subscribed before Justice of the Peace Warren R. Stauffer.

Pursuant to section 1205 of the aforesaid Vehicle Code, defendant, upon receipt of a summons and a copy of the information, posted bond and waived hearing on

January 23, 1960. A transcript was filed with this court on February 2, 1960.

The single decisive question raised by defendant's motion to quash is whether or not section 1201 of The Vehicle Code requires that the information affirmatively show that it was filed before the nearest available magistrate to the place of the alleged violation. The answer filed by the district attorney admits that the information in question does not so state, but denies that the information is thereby rendered fatally defective.

We regard the case of Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283 (1954), as dispositive of this question. In regard to this reason for quashing the information, that case is on all fours with the one before us. The Superior Court said (page 284) :

"Examination of the information reveals that the situs of the violations was East Hanover Township. The seal of the justice of the peace was imprinted on the informations and clearly revealed that his office was in that township. No attempt has been made by appellants to prove that the justice was in the wrong township or that he was not the nearest available magistrate. Where the defendant is brought before a justice of the peace in the same township as the situs of the offense, it is presumed he is the nearest available magistrate, and the defendant has the burden of proving the contrary. Commonwealth v. Arcara, 81 D. & C. 42."

In the present case, the violation allegedly occurred in Upper Hanover Township. The justice's seal clearly shows his address as Palm, Pa., an unincorporated village, which we judicially notice is within the boundaries of that township. The geographical location of Palm is ascertainable from any road map. Defendant does not argue that Justice Stauffer was not a resident

of Upper Hanover Township or was not the nearest available magistrate.

It does not appear that defendant was in any way misled by the omission in question, and he was not deprived of facts necessary to properly defend himself against the charge made.

However, defendant argues that the 1959 Vehicle Code so modifies the law that the Coldsmith case, decided under the 1929 Vehicle Code, as amended, is no longer good law. We do not agree.

Sections 1201 and 1202 of the present Vehicle Code contain substantially the same language as sections 731 and 732 of the 1929 Vehicle Code, as amended, except for the additional language of 1201(c). This new subsection permits the commencement of summary proceedings by any salaried police officer and establishes requirements for the notice to appear issued thereunder.

Among other facts, the notice to appear must contain the "date and time for the appearance of the offender before the nearest available magistrate having jurisdiction over summary offenses as defined by this act." From this language, defendant draws two conclusions: (1) It must be alleged in the notice to appear that the hearing magistrate is the nearest available; (2) this same requirement applies to summary proceedings begun by information.

As we read the language of the applicable sections, neither conclusion is possible. As to defendant's first contention, the language of the act is not capable of such a construction. Subsection (c) sets out a series of required allegations with substantial grammatical parallelism. The last of this series is "date and time for the appearance." The words following this phrase to the end of the sentence merely modify "appearance." Defendant would have us read them as if they them-

selves were separated and formed the final part of the series.

It is an ordinary rule of grammar that the last item of a series is preceded by a comma and the word "and." In the instant sentence of subsection (c), the comma and "and" precede "date and time," clearly indicating that this is the final item in the series. To impress us with the meaning for which defendant contends, the last phrases might be reworded as follows:

". . . number, date and time for the appearance of the offender before the magistrate, and that this magistrate is the nearest available having jurisdiction over summary offenses as defined by this act."

Defendant's second contention is equally without merit. Section 1202 sets out the requirements for an information, and it is clear that they have not been made the same as in the case of summary proceedings begun by notice to appear filed by a salaried police officer. Defendant argues that the legislature should have made the requirements the same. It is sufficient for us that the legislature has not seen fit to do so.

### Order

And now, June 2, 1960, after argument, the motion to quash the information is overruled and refused. An exception is allowed.