## Commonwealth v. Stubenazy

*Charles J. Conturso* and *John M. Fedorko*, for Commonwealth.

*Edwin N. Popkin*, for defendant.

FULLIAM, J., March 16, 1961.—Defendant, Karl E. Stubenazy, has appealed from his summary conviction of having violated section 903 (*d*) of The Vehicle Code, of April 29, 1959, P. L. 58, 75 PS §903 (*d*), the charge being that he operated an overweight tractor-trailer vehicle upon a public highway in the Borough of Morrisville, this county. The sole issue presented is whether the prosecution was instituted before the nearest available magistrate in compliance with section 1201 (*a*) of The Vehicle Code of April 29, 1959.

Defendant was apprehended at the intersection of Green Street and Pennsylvania Avenue. He was then directed by the police officer to drive his vehicle to stationary scales located at Bridge Street near the Delaware River, where the vehicle was weighed and found to be 11,200 pounds overweight. The prosecution was instituted before Squire Nolan, whose office is nearer to the scales but farther from the intersection of Green Street and Pennsylvania Avenue than the office of Squire Christ, the other justice of the peace of the borough.

The first question to be decided is where the alleged violation occurred. Counsel for the borough argue that the violation occurred at the scales, citing Commonwealth v. Walker, 71 D. & C. 279 (1950), which was followed, without extended discussion, in Commonwealth v. Goetz, 6 D. & C. 2d 152 (1955), and Commonwealth v. Castronova, 6 D. & C. 2d 621 (1955).

However, the opinion of the Supreme Court of Pennsylvania in the companion cases of Commonwealth v. Muth and Commonwealth v. Weik, both reported at 397 Pa. 106 (1958), seems clearly to have overruled

these decisions, at least inferentially. In the last-cited cases, a State Trooper had followed the overweight trucks for more than a mile in Providence Township, but the trucks had proceeded some 200 feet into neighboring Strasburg Township before the officer actually stopped the vehicles. The trooper then had the operators drive the vehicles back into Providence Township, where charges were lodged before a justice of the peace of that township. A divided Superior Court had upheld the convictions (Commonwealth v. Weik, 188 Pa. Superior Ct. 391, and Commonwealth v. Muth, 188 Pa. Superior Ct. 401), on the theory that the offense was a continuing one, and that the officer had actually observed the violation in Providence Township. The Supreme Court unanimously reversed the convictions, and held that the point where the officer stopped the truck constituted the place where the alleged violation occurred for purposes of applying the "nearest available magistrate" rule of section 1201 of the code.

It is true that in the cited cases the trucks were not taken to scales to be weighed, as the officer based his prosecution upon the weight slips carried by the operators. However, the reasoning of the Supreme Court, as set forth in the opinion, is entirely inconsistent with the view that the offense could be deemed to have occurred after the operator was apprehended by the police officer. The court stressed, among other things, the duty of the police officer to stop overweight vehicles as soon as practicable, so as to prevent any further continuance of the violation.

It is to be noted that section 904 of The Vehicle Code provides that the police officer "may require that such vehicle or combination of vehicles or tractor be driven to the nearest stationary scales in the event such scales are within a distance of two miles," and

makes it a criminal offense, punishable by fine or imprisonment, for the operator to fail to comply with such request. It would be utterly unreasonable to hold that compliance with the officer's direction would constitute the commission of a criminal offense; indeed, such an interpretation would seem to render section 904 clearly unconstitutional.

The commission of a violation of section 903 of The Vehicle Code of April 29, 1959, requires the concurrence of two conditions: (1) An overweight vehicle, and (2) its operation on a public highway by defendant. To the extent that the operation of the vehicle is at the express direction of a police officer under section 904 of The Vehicle Code of April 29, 1959, rather than the voluntary independent act of defendant, it seems clear to us that one of the essential ingredients is missing. It is of course true, as stated in the Walker case, supra, that at the time of the apprehension of the operator, the police officer may only suspect that a vehicle is overweight, and his knowledge of the occurrence of the offense is not complete until the vehicle has been weighed. In our view, however, the police officer's knowledge or lack of knowledge forms no part of the offense itself, and the location where proof of crime is obtained does not determine the location where the crime itself occurred.

Accordingly, we conclude that, in the present case, the violation occurred at the intersection of Green Street and Pennsylvania Avenue, where the operator was initially apprehended. It may be added that this conclusion is in accord with what appears to have been an underlying assumption in Commonwealth v. Amoroso, 18 D. & C. 2d 119 (1958).

The next question is whether the difference in distance between the intersection of Green Street and Pennsylvania Avenue and the offices of the two justices

of the peace is "substantial" within the meaning of the proviso of section 1201($a$) of The Vehicle Code of April 29, 1959, which reads:

"... where there is no substantial difference between the respective distances from the place where the alleged violation occurred . . . to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates ..."

Both the police officer and defendant testified that the distance from the intersection in question to the office of Squire Christ is three-tenths of a mile. Defendant testified that the distance from the intersection to the office of Squire Nolan is four-tenths of a mile, while the officer testified that the latter distance is three and one-half tenths of a mile. Our examination of an official street map of the Borough of Morrisville persuades us that the route used by the police officer as the basis of the last mentioned measurement is slightly more direct than that used by defendant. Accordingly, we are satisfied that the difference in distance is nearer to one-half of one-tenth of a mile, or 264 feet, than to the 528 feet testified to by defendant. Making due allowance for the approximations contained in the testimony of both witnesses, we find as a fact that the actual difference in distance between the respective offices and the site of the violation is 350 feet.

In Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941), it was held that a difference in distance of one-half block was not "substantial" within the meaning of the proviso quoted above, and that both justices of the peace in that case had jurisdiction. In Commonwealth v. Emery, 3 D. & C. 2d 656 (1955), a conviction was reversed where the police officers passed directly by the office of one available justice of the peace in order to lodge the complaint before another justice of

the peace whose office was 200 feet farther away from the site of the alleged violation. However, the court noted in that case that, if the violation had occurred approximately midway between the two offices, a difference of 200 feet would not have been considered substantial.

In the present case, the violation occurred approximately midway between the two offices, and there is no ground for suspicion that the police had any ulterior motive in selecting Squire Nolan. On the contrary, the evidence is that the police made one attempt to contact Squire Christ by telephone, and when they were unsuccessful in reaching him, they then decided to institute the proceedings before Squire Nolan.

It, therefore, appears to us that this case is squarely within the proviso of section 1201(a) of the code, and that, under the circumstances, the prosecution could properly have been brought before either one of the justices of the peace.

In view of this conclusion, it is unnecessary to decide whether the minimal efforts of the police to contact Squire Christ were sufficient to justify a conclusion that he was not "available"; whether the presumption of regularity is applicable under the circumstances of this case; and, if so, whether defendant has sustained his burden of proving affirmatively the availability of Squire Christ. Cf. Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283 (1954) ; Commonwealth v. Arcara, 81 D. & C. 42 (1952) ; Commonwealth v. Paliescheskey, 17 D. & C. 125 (1931).

## Order

And now, March 16, 1961, the within appeal is dismissed, and the court finds defendant, Karl E. Stubenazy, guilty as charged. Defendant is directed to pay the costs of these proceedings and to pay a fine for the use of the Borough of Morrisville in the sum of $1,050.