Commonwealth *v.* Davidson, Appellant.

Argued April 22, 1963. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Albert Prutzman,* for appellant.

*Roger N. Nanovic,* Assistant District Attorney, with him *George Kerestes,* District Attorney, for Common-wealth, appellee.

280

OPINION BY MR. JUSTICE O'BRIEN, October 10, 1963:

This appeal is from the judgment of sentence of the Court of Quarter Sessions of the Peace of Carbon County, after appellant was found guilty of speeding. The facts in this case are as follows: The defendant-appellant, Sol A. Davidson, was arrested while driving on the Pennsylvania Turnpike, for driving at a speed in the neighborhood of one hundred miles per hour. On March 6, 1961, an information was filed by an officer of the Pennsylvania State Police charging the appellant with a violation of §1205 of the Act of April 29, 1959, P. L. 58, 75 P.S. §1205(b). The notice which the justice of the peace mailed to appellant was dated March 4, 1961 (an obvious inadvertent error) and the notice was mailed March 8, 1961. On March 13, the defendant-appellant posted bond and waived a hearing, before the justice of the peace and filed a transcript for a trial in the Court of Quarter Sessions of Carbon County.

The appellant contends that the notice he received was defective and, therefore, he was not properly before the court.

This contention is entirely without merit, even if we concede that the notice was defective. The defendant voluntarily placed himself before the court by his appearance when he waived a hearing before the justice of the peace and posted an appearance bond. Cf. *Commonwealth v. Reed*, 152 Pa. Superior Ct. 249, 31 A. 2d 595 (1943); *Commonwealth v. Maun*, 68 Pa. D. & C. 288 (1949); *Commonwealth v. Jiras*, 4 Pa. D. & C. 2d 655 (1955); see also Act of April 29, 1959, P. L. 58, §1205, 75 P.S. §1205.

The second point raised by the appellant is that the necessary jurisdictional facts were not put on the record. He complains that, at the trial, the Commonwealth did not introduce evidence that the information was lodged before the justice of the peace nearest to

the first Turnpike exit from the scene of the alleged violation. In *Commonwealth v. Coldsmith,* 176 Pa. Superior Ct. 283, 106 A. 2d 649 (1954), the Superior Court held: "No attempt has been made by appellants to prove that the justice was in the wrong township or that he was not the nearest available magistrate. Where the defendant is brought before a justice of the peace in the same township as the situs of the offense, it is presumed he is the nearest available magistrate, and the defendant has the burden of proving the contrary."

Here, the justice of the peace is in the Township where the violation occurred and there is no contention by appellant that he was not the proper magistrate.

Finally, appellant argues that there was no legally credible evidence to support his conviction. This appeal being before us on broad certiorari, we must determine whether the findings of the court below are supported by competent evidence. *Commonwealth v. Brose,* 412 Pa. 276, 194 A. 2d 322 (1963); *First Bellefonte Bank v. Myers,* 410 Pa. 298, 301, 188 A. 2d 726[2] (1963). We have examined the record and find that the Commonwealth presented an overwhelming case. The evidence is such that any other result would be, to say the least, quite surprising.

Judgment affirmed.