## Commonwealth v. Crosswell

*John Deutsch,* Assistant District Attorney, for Commonwealth.

*George M. D. Richards* and *William D. Balatis,* for defendant.

HEIMBACH, P. J., August 6, 1964.—On October 29, 1963, according to the information of Corporal Robert F. Tracy of the Pennsylvania State Police, defendant was operating his automobile on Route 443 in Mahoning Township, Carbon County, Pa., at a radar timed speed of 65 miles per hour. Defendant waived hearing, posted bail, and the matter came before us for hearing on June 30, 1964. Prior to taking testimony defendant moved to quash the information for the following reasons:

1. The information does not contain the election district or the municipality of the justice of the peace.

2. The address of the justice of the peace is not shown.

3. The information does not have the proper seal of the justice of the peace, and hence is a nullity under the law.

4. The information does not set forth with sufficient particularity the situs of this alleged offense.

5. The information does not state the date when the radar equipment in use had been tested for accuracy.

We determined, in the interest of making it unnecessary to hold a later hearing should we dismiss the motion to quash, to take testimony on the merits and later rule on defendant's motion.

Unless we quash the information, we conclude that the Commonwealth has met its burden and defendant is guilty of speeding at the rate of 65 miles per hour in a 50-mile per hour zone. The Commonwealth's proof consisted of testimony that defendant's car, being alone on the highway at the time, was radar checked with an approved and accuracy tested device at a speed of 65 miles per hour. Certificate of accuracy of the radar equipment and of the check car were admitted in evidence.

We were quite impressed with the sincerity of defendant when he stated that he drove within the tolerance zone, but experience shows that calculations of such sort are matters of opinion, no matter how honest, rather than fact, and drivers do not drive with their eyes glued to the speedometer.

Since radar timing has been approved by the legislature and our appellate courts, we would be obliged to find that the testifying officers were perjurers if we were to hold defendant not guilty. We do not so find. We were impressed with the forthright manner in which testimony was given by the witnesses for the Commonwealth, and we find such testimony to be completely credible.

Defendant in his brief states he did not generally appear when he waived a hearing and posted bail, waiver of hearing and posting of bail was made before Justices of the Peace Richards at Lansford, Pa., and forwarded to Justice of the Peace Semmel in Mahoning Township, with a letter stating that defendant was not appearing generally before Justice of the Peace Semmel and, therefore, did not waive any jurisdictional or procedural rights. We know of no authority sustaining defendant's position and we dismiss such contention as being without merit. Had defendant wished to question procedural defects, he should have taken out a writ of certiorari. To hold otherwise would be tantamount to allowing defendant to waive the hearing and at the same time have the benefit of a certiorari proceeding. This he cannot have: Commonwealth v. Conn, 183 Pa. Superior Ct. 144. By waiving the hearing he has waived procedural defects, Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283; Commonwealth of Pennsylvania v. Sol. A. Davidson, 412 Pa. 279, but not jurisdictional defects; Commonwealth v. Trufley, 170 Pa. Superior Ct. 200.

We now take up defendant's first two reasons to quash, viz:

1. The information does not contain the election district or the municipality of the justice of the peace.

2. The address of the justice of the peace is not shown.

The information sets forth that the offense took place on Route 443 in Mahoning Township and that Robert Semmel, the Justice of the Peace before whom the information was brought, was a magistrate in and for the County of Carbon, and was the nearest available magistrate to the place of violation. It is now horn-book law that motor vehicle summary violations must be brought before the nearest available magistrate in the county where the alleged violation occurred, otherwise the magistrate is without jurisdiction: Section 1201(a) of the Vehicle Code. In substance, defendant argues that the information is defective because it is impossible to tell from the information whether or not Justice of the Peace Semmel had jurisdiction.

It is to be noted that defendant does not challenge the jurisdiction of Justice of the Peace Semmel, but merely challenges the sufficiency of the information.

It is our opinion that the case of Commonwealth v. Coldsmith, supra, cited by Justice O'Brien in Commonwealth v. Sol A. Davidson, supra, with approval, disposes of defendant's contention. In the Coldsmith case appellant appealed from the refusal of the lower court to quash the information because it failed to set forth that the justice of the peace was the nearest available magistrate or that his office was in that township. In affirming the judgment, the court said, at 284:

"No attempt has been made by appellants to prove that the justice was in the wrong township or that he was not the nearest available magistrate. Where the defendant is brought before a justice of the peace in the same township as the situs of the offense, it is pre-

sumed he is the nearest available magistrate, and the defendant has the burden of proving the contrary."

Defendant argues that the Coldsmith case is inapposite because, as stated by the Superior Court, the information reveals that the situs of the violation was East Hanover Township and the seal of the justice of the peace was imprinted on the information and clearly showed that his office was in that township. It is to be noted that the information did not reveal that the justice of the peace was the nearest available magistrate.

Thus the Coldsmith case holds that where the information shows a summary motor vehicle offense was committed in a certain township and it is determined from the information that the magistrate is within the territorial jurisdiction of the offense, there is a presumption that he is the nearest available magistrate and the burden is on the defendant to prove the contrary. In the case at bar the information shows the offense to have been committed in Mahoning Township, Carbon County. It likewise shows that Justice of the Peace Robert Semmel was a magistrate in Carbon County, and likewise shows that he was the nearest available magistrate. We hold, under such circumstances, that he is presumed to have jurisdiction and the burden is on the defendant to show otherwise.

What Justice O'Brien stated in the Sol. A. Davidson case, supra, at 281, is apposite:

"Here, the justice of the peace is in the Township where the violation occurred and there is no contention by appellant that he was not the proper magistrate."

If the information is defective, it is at most a technical defect that does not go to the jurisdiction of the subject matter and was waived by defendant when he waived the hearing. The early cases cited by de-

fendant, holding to the contrary, are clearly overruled by the pronouncement of the Superior and Supreme Courts in the Coldwater and Davidson cases, supra.

In his third reason, defendant says:

3. The information does not have the proper seal of the justice of the peace, and hence is a nullity under the law.

We have carefully examined the seal. Around the outer edge we are able to discern the name Robert Semmel, Carbon County, Pa., and directly underneath the name Robert Semmel the words Justice of the Peace. In the center appears a shield. The seal complies with the Act of April 23, 1903, P. L. 290, sec. 2, 42 PS §145. Even if we conceded that the seal was insufficient, this would be a technical error at best and waived by this defendant. See Lancaster v. Norbeck, 14 Dist. R. 271, where it is held the act pertaining to seals is directory only. We dismiss reason number 3.

Defendant states in reason number 4:

4. The information does not set forth with sufficient particularity the situs of the alleged offense.

We dismiss this reason as being without merit. We stated in our unreported case of Commonwealth of Pennsylvania v. Franklin H. Costenbader, Carbon County QS January sessions, 1961, no. 8, where a similar reason for quashing was given, that failure to state precisely where an offense has occurred is not a valid reason to quash, so long as the information discloses the offense took place within the county and municipal subdivision, as it does in the instant case. For a complete learned discussion on the instant question, see Judge Campbell's opinion in Commonwealth v. Charles Shetrom, 2 Centre 73.

Defendant in reason number 5 states:

5. The information does not state the date when the radar equipment in use had been tested for accuracy.

We dismiss this objection as being without merit.

Section 1002 of The Vehicle Code, inter alia, provides:

"(d.1) (1). The rate of speed of any vehicle may be timed on any State Highway . . . by officers of the Pennsylvania State Police through the use of radiomicrowaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

(i) it is of a type approved by the secretary, and

(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to all alleged violation."

It will be noted, ii, supra, only requires that evidence be produced that the radar equipment was tested for accuracy within 30 days prior to the alleged violation. There is no requirement that there be any averment of that fact in the information.

Where a similar contention was made, what Judge Forrest said in Commonwealth v. Corman, 83 Montg. 78, at 80, is apposite:

"The above-quoted subsection of The Vehicle Code states a rule of evidence, not an element of a crime of which defendant is accused. It resembles subsection (d) (1) of §1002, which also states a rule of evidence, and not an element of a crime.

"Defendant has cited no decisions supporting her contention. Essentially she is urging that we decide that an information in speeding cases must state the kind and qualification of the evidence in support of the Commonwealth's case. We are of the opinion that the law is otherwise. Facts, not evidence, should be set forth in an information."

Commonwealth v. Lavine, 30 D. & C. 2d. 275, in accord.

The case of Commonwealth v. Buck, 32 Northumb.

147, cited by defendant in support of his reason, actually supports our conclusion. The case involves a certiorari proceedings. The court held that the transcript failed to show any testimony concerning the testing of a speedometer for accuracy, on a car used for apprehending a speeder, within 30 days of the offense. Therefore defendant had to be discharged.

This case clearly does not support defendant's contention that the information must contain the date the radar equipment was tested for accuracy.

For the reasons stated, we enter the following

### Order

Now, to wit, August 6, 1964, defendant's motion to quash the information is refused. We find defendant guilty of speeding at the rate of 65 miles per hour in a 50-mile per hour speed zone, and defendant is ordered to pay a fine of $10, the costs of the Justice of the Peace and the costs of this appeal, within 10 days from the date hereof; otherwise to appear for sentence on August 21, 1964, at 10 a.m.