## Commonwealth v. Prechtl

*John D. Gresimer*, for Commonwealth.
*Anthony B. Trambley*, for defendant.

GREINER, P. J., January 14, 1966.—For determination are three exceptions filed by defendant in support of certiorari from the proceedings before Justice of the Peace Albert S. Vislay, who, after a hearing on November 1, 1965, adjudged defendant guilty of violating section 802 (ii) of The Game Law of June 3, 1937, P. L. 1225, as amended, which makes it a violation to "dig in or drive a motor vehicle on any cleared field, except with the permission of the owner, tenant or other person in charge of such land. . . ." A fine of $25 and $9 in costs were imposed. Defendant filed bond in the sum of $68 to perfect the writ.

The first and third exceptions charge that the necessary jurisdictional facts are not of record: (1) Justice of the Peace Vislay was not the "nearest available justice of the peace", as required by the Act of April 18, 1949, P. L. 494, sec. 1, as amended, 34 PS §1311.1202, and (2) failure of the record to show that the crime alleged was committed within the area of Justice Vislay's jurisdiction.

The justice of the peace's transcript is deficient in both respects, in that in no place does it disclose that Justice Vislay is a justice of the peace of Shippen Township, Cameron County, Pa., nor that the alleged offense occurred in Shippen Township, Cameron County, Pa. However, had the record disclosed the latter fact; i. e., the situs of the offense to be in Shippen Township, it might then be argued that the court should take judicial notice of the fact that Justice Vislay was a justice of the peace for Shippen Township, and thus be bound by Commonwealth v. Goldsmith, 176 Pa. Superior Ct. 283, and Commonwealth v. Davidson, 412 Pa. 279, wherein it was held that: "Where the defendant is brought before a justice of the peace in the same township as the situs of the offense, it is presumed that he is the nearest available magistrate, and defendant has the burden of proving the contrary".

In the instant case, however, the record is devoid of any reference to the situs of the offense, excepting only Cameron County; therefore, there is no basis for such presumption. In Commonwealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282, it was held: "But the mere fact that an offense within the territorial jurisdiction of the justice has been charged, is not enough; the record must show proof of that jurisdictional fact. The justice must find the specific facts upon which his jurisdiction depends or that the averments of the complainant are true, and that he has so found them must appear from his record". The record before us falls far short of this jurisdictional requirement, in that the complaint filed merely places the offense "in the County of Cameron", and the transcript of the proceedings before the justice makes no reference to the situs of the offense.

Therefore, we have concluded that the transcript is faulty in the area of the jurisdictional requirements, and it becomes unnecessary to pass upon exception

number 2 which challenges the constitutionality of the section of The Game Law attempted to be enforced herein.

Now, therefore, the court makes the following

### ORDER

And now, to wit, January 14, 1966, the writ of certiorari is allowed; the judgment finding defendant guilty of the summary offense charged against him is set aside and vacated. Costs to be paid by the Commonwealth.