## Commonwealth v. Stevens

*Charles C. Brown, Jr.*, District Attorney, for Commonwealth.

*Litke & Gettig*, for defendant.

CAMPBELL, P. J., June 14, 1966.—On January 22, 1966, a corporal of the Pennsylvania State Police clocked defendant traveling at a speed of 60 miles per hour in a 35 mile speed zone. At the conclusion of the chase, defendant was stopped by the officer for the purposes of identity and to get the necessary information with which to file a speeding charge. On February 3, 1966, the trooper filed an information with a justice of the peace charging defendant with violating section 1002 (b) (4) of The Vehicle Code of April 29, 1959, P. L. 58. Defendant was sent a notice to appear by the justice of the peace on February 4, 1966, and on February 23, 1966, defendant waived a hearing and posted bail for his appearance in the court of quarter sessions. The court heard the matter on March 25, 1966, and adjudicated defendant guilty and ordered payment of the appropriate fine and costs. Defense counsel filed a motion in arrest of judgment asking the court to arrest the judgment and discharge defendant for the following reasons: (1) that the trooper failed to file an information against defendant within 72 hours, as provided in section 1201 (c) of The Vehicle Code, 75 PS §1201; (2) that the notice to appear sent by the justice was not in the form required by law; (3) that the information does not allege that the trooper was in uniform and that the Commonwealth failed to prove that the trooper was in uniform, as required by section 1201 (c), 75 PS §1201, and section 1214 of the code, 75 PS §1214.

Without going into elaborate detail and discussion, it is quite clear that there are two methods by which the provisions of The Vehicle Code may be enforced. One is by the filing of an information within 15 days. The second is by an arrest on view, as provided by

sections 1201 (c) and 1214 of the code. The procedure in each case is outlined in detail in section 1202. The procedure in the instant case was by the filing of an information. No arrest on view is involved. In such case, the officer has 15 days in which to file the information. The 72-hour requirement is only applicable when an arrest on view is involved.

Defendant contends that the notice to appear does not meet the requirements of the law. We believe that it does comply, but even though we concede that the notice was defective, this contention is entirely without merit. Defendant voluntarily placed himself before the court by his appearance when he waived a hearing before the justice of the peace and posted an appearance bond: Commonwealth v. Davidson, 412 Pa. 279. The aforerecited case involves the identical factual situation which we have here.

The final objection of defendant is that the information did not allege, nor did the Commonwealth prove, that the State policeman was in uniform when he stopped defendant. A close reading of the enforcement provisions of the code quite clearly indicates that he need only be in uniform when making an arrest on view: See Godsey v. Commonwealth, 103 Pitts. L. J. 143. There are no statutory provisions which require the Commonwealth to allege and prove that the State police officer was in uniform when he proceeds in his enforcement duties by the filing of an information and where no arrest on view is involved.

We, therefore, enter the following order:

And now, to wit, June 14, 1966, defendant's motion in arrest of judgment is dismissed and judgment of sentence is entered, and defendant is ordered to pay a fine of $10, the costs of the justice of the peace and the costs of this appeal.

And now, to wit, June 14, 1966, an exception is noted and bill sealed for defendant.