**Commonwealth v. Miller**

*P. Nelson Alexander,* Assistant District Attorney and *John F. Rauhauser, Jr.,* District Attorney, for Commonwealth.

*Robert A. Lerman,* for defendant.

BUCKINGHAM, J., October 20, 1969.—Defendant was adjudged guilty of the charge of passing in a "no passing zone." The case is before us on certiorari to the justice of the peace, defendant having filed five exceptions to his transcript averring:

1. The justice of the peace erred in refusing to permit defendant to use a tape recorder at the hearing.

2. The transcript fails to show the date, time and place of the violation.

3. The transcript fails to show that "no passing" signs were posted on the right hand side of the highway facing defendant.

4. The transcript fails to show that the violation occurred in "a business or residential district where you would find a no passing zone."

5. The transcript fails to show that the justice of the peace was the nearest available magistrate.

As to exception no. 1, it seems to us that a justice of the peace must necessarily have some discretion in the operation of his court, and we feel that it was not an abuse of his discretion to preclude defendant's use of a tape recorder at the hearing. Absent authority to the contrary, we feel this exception must be dismissed. We note that under some circumstances and subject to some restrictions, a mechanical recording of the testimony at a hearing before a magistrate may be made under the provisions of Pennsylvania Rule of Criminal Procedure 118(a)(2). However, this is of no help to defendant in this case, since Pa. R. Crim. P. 1 expressly sets forth that the Rules of Criminal Procedure do not apply, inter alia, to summary offenses arising under The Vehicle Code of April 29, 1959, P. L. 58, as amended.

Exception no. 2 is also without merit. In Commonwealth v. Ressler, 81 York 1 (1967), we declined to sustain an exception to the transcript's failure to set

forth the exact location of the violation. Moreover, defendant cites no authority holding it fatally defective to fail to set forth the day and time of the violation in the transcript. In any event, we think there was sufficient evidence on the subject, since the transcript does show that the magistrate read the information, which contained the day, time and place of the violation, to defendant in the presence of the arresting officer and the arresting officer testified that the matters contained in the information were correct.

Exception no. 3 must likewise be dismissed. The transcript shows that the officer testified that "no passing" signs were posted according to State specifications. This is sufficient. With no authority to the contrary, we hold it is not required that the transcript show that the signs faced defendant on the right-hand side of the highway.

Defendant apparently has abandoned exception no. 4, since it has been neither briefed nor argued. We would have dismissed it anyhow because the applicable sections of The Vehicle Code, 75 PS §1008 and §1113, do not restrict "no passing zones" to business or residential districts.

The issue raised in exception no. 5 has already been decided adversely to defendant in Commonwealth v. Ressler, supra, where we held, on the authority of Commonwealth v. Davidson, 412 Pa. 279 (1963), that the transcript need not affirmatively show that the magistrate is the nearest available one where, as here, the transcript shows that defendant was brought before a justice of the peace in the same township as the situs of the offense. In such a case, it is presumed that he is the nearest available magistrate and defendant has the burden of proving the contrary. In view of the foregoing, the following order is hereby entered:

And now, to wit, this October 20, 1969, all of defendant's exceptions to the transcript of the justice of the peace are hereby dismissed.

An exception is granted to defendant.