DIGGINS, P. J.,
— The instant matter is before the court for disposition of exceptions to magistrate’s record filed on behalf of defendant-petitioner, Robert Jackson, and a motion to quash filed on behalf of respondent, City of Chester. This action arises from a summary conviction for violation of the weight provisions of The Vehicle Code.
The record filed with this court discloses the facts hereinafter set forth: The petitioner is an employe of Frederick G. Krapf & Sons, Inc., of Wilmington, Del. On December 2, 1969, petitioner was operating a 1969 Chevrolet dump truck on Second Street in the City of Chester when he was arrested on sight by Officer Donald Franklin and charged with operating the said vehicle in violation of the weight provisions of section 903, 75 PS §903 of The Vehicle Code of April *478 29,1959, P. L. 58, as amended. Immediately following the arrest, Officer Franklin escorted petitioner and the subject truck to stationary scales, the nearest available scales within two miles of the point of apprehension. It was found that the vehicle had a gross weight of 29,500 pounds, which allegedly exceeded the stated maximum gross weight allowed by 10,000 pounds (the stated maximum weight allowed was 19,500 pounds with an excess allowance of three percent thereof). Petitioner was advised of his right to have the subject reweighed at the next available scales, but this procedure was declined by him.
Petitioner was then taken to Magistrate Burk, the nearest available magistrate. Officer Franklin then prepared a document denominated as affidavit of arresting officer which was executed and sworn to by him; this document contained, inter alia, the facts hereinabove set forth. A criminal complaint was then prepared which incorporated the aforesaid affidavit. The criminal complaint was signed and sworn to by Officer Franklin. In the said criminal complaint, the section of the code violated was specified as section 903, subsection (a), whereas the affidavit of arresting officer referred generally to section 903. Both counsel agree, in their briefs, that petitioner was given a copy of the information filed. The criminal transcript indicated that the “attached affidavit” was shown to petitioner, and that a copy of the “affidavit” was immediately given to him. The transcript further discloses that petitioner was advised of his various legal rights. After being so advised, petitioner entered a plea of guilty and the magistrate imposed a fine of $950, plus costs of $5. On December 5,1969, an appeal bond was filed with the magistrate, and the subject vehicle was returned to petitioner. Some confusion thereafter relating to the filing of the record with *479 this court; however, same was ultimately accomplished. It is to be noted that petitioner has filed no appeal; thus, petitioner’s challenge is to the record and the sufficiency thereof.
In his exceptions, petitioner listed 16 alleged deficiencies. Petitioner has apparently abandoned nine of these allegations and presently presses five exceptions. These will be hereinafter discussed.
First, petitioner alleges that the information, affidavit of arresting officer, given to petitioner by the magistrate failed to set forth therein the particular subsection of section 903 which was the subject of the prosecution. In support of this contention, petitioner cites section 1202(c) of The Vehicle Code, 75 PS §1202, which requires, whenever an arrest is made upon view, that the arresting officer make and file, with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense charged, and at once furnish a copy thereof to the person arrested. On these bases, petitioner contends that it is impossible to determine the nature of the offense committed, since section 903 has numerous subsections with varying permissible weights. We deem these contentions to be without merit.
The affidavit of arresting officer reveals that petitioner was accused of violating section 903. In this affidavit, inter alia, the arresting officer specified the following: (a) the circumstances of probable cause leading to the arrest (sagging tires and springs, pulling hard, etc.); (b) the allowable maximum gross weight was stated therein to be 19,500 pounds; (c) the gross weight of 29,500 pounds; and (d) the gross excess weight (10,000 pounds) which exceeds three percent of the maximum weight allowed. Moreover, the criminal complaint to which the aforesaid affidavit was attached specifically set forth subsec *480 tion (a) of section 903 as the violation charged. In addition, the transcript sets forth section 903, subsection (a) as the offense charged. It appears patent, under these circumstances, that petitioner knew the number of axles on the subject vehicle and his knowledge, combined with either or both of the aforesaid documents, more than adequately described the essential elements of the offense with which petitioner was accused.
As to this issue, petitioner relies heavily on In Re Petition of Ellwood Phillip, 56 Del. 150. The instant case is clearly distinguishable from Phillip, supra. In Phillip, supra, defendants alleged that copies of the information were not furnished to them; that defendants were not advised of the opportunity to waive a hearing or to have one held within 10 days; and that witnesses were not sworn. In the instant case, counsel for petitioner agrees, and the transcript indicates, that petitioner received a copy of the information; further, the transcript reveals that petitioner was advised of his right to waive a hearing, etc. As to the swearing of witnesses, this issue will be hereinafter discussed.
Second, petitioner argues that the transcript does not indicate that the arresting officer was sworn. Our analysis of the transcript leads to a contrary conclusion. Both the affidavit of arresting officer and the criminal complaint were executed and sworn to by the arresting officer. In addition, the transcript reveals that the arresting officer was listed as a witness, and that immediately to the left of the lined section entitled “Sworn,” there appears a typed mark. It seems patent that this mark was intended to be placed between the “Sworn” section lines, which space is less than one-half inch. At most, this amounts to a typographical error of positioning. Thus, the Phillip case, supra, is inapplicable.
*481 Third, petitioner contends that the record is fatally deficient in that it does not indicate compliance with certain provisions of section 903, relating to impounding of the subject vehicle, notification to the sheriff and notification to the owner by the sheriff. No specific analogous authority is advanced in support of this proposition. Moreover, it appears to us that this type of information has little or no bearing upon the issue at hand, viz., the regularity and sufficiency of the record as it relates to the conviction. Further, we are somewhat at a loss to determine how the magistrate could include in his transcript information concerning notice which the sheriff is required to communicate to the owner. We also note that within three days of the conviction, the subject vehicle was returned to petitioner and thus to the owner. We deem this issue to be without merit.
Fourth, petitioner contends that the transcript fails to state that the subject magistrate was the nearest available magistrate. Aside from the presumption that the sitting magistrate is presumed to be the nearest available magistrate unless proved to the contrary (see Commonwealth v. Davidson, 412 Pa. 279, Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283, and Commonwealth v. Graver, 34 D. & C. 2d 171), the instant record clearly establishes that Magistrate Burk is a magistrate of the City of Chester, that the offense occurred in the City of Chester, and that the affidavit of arresting officer, same being incorporated into the criminal complaint, specifically states that he is the nearest available magistrate. Petitioner has chosen, in the instant case, to challenge the record in lieu of the filing of an appeal, and, in this regard we find no deficiency in the record.
Lastly, petitioner contends that the information does not specify that the offense took place in the County of Delaware or the Commonwealth of Penn *482 sylvania. This contention is utterly without merit. The criminal complaint specifies that the offense was committed at Second Street between Penn and Dock Streets in the County of Delaware while operating a vehicle on a highway within the City of Chester, inter alia, "... all of which were against the peace and dignity of the Commonwealth of Pennsylvania . . .” In addition, the affidavit of arresting officer, incorporated in the aforesaid criminal complaint, recites that the offense occurred in the City of Chester.
In conclusion, it appears that petitioner would have this court fragment the record, depending on the issue raised. Thus, as to the first issue, petitioner relies solely on the alleged deficiency in affidavit of arresting officer and would have us ignore the criminal complaint and transcript; as to the second and fourth issues, we are urged to rely solely on the alleged deficiencies in the transcript and to ignore the affidavit and criminal complaint; as to the fifth issue, we are urged to restrict our attention solely to the affidavit and to exclude consideration of the criminal complaint. This we cannot do. We must consider the record as a whole and, in this context, we are convinced that the subject record is not deficient, and that the conviction of the petitioner must be sustained. For these reasons, it is unnecessary to discuss the motion to quash filed on behalf of the City of Chester.
Accordingly, we enter the following
ORDER
And now, to wit, January 18, 1971, upon consideration of the record and briefs filed on behalf of the respective parties, and after argument, it is ordered, adjudged and decreed that the exceptions to magistrate’s record filed on behalf of defendant-petitioner, Robert Jackson, be and the same are hereby dismissed, *483 and it is further ordered, adjudged and decreed that the conviction of the said defendant-petitioner, Robert Jackson, be and the same is hereby sustained.