Commonwealth *v.* Trufley, Appellant.

Argued November 13, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*John N. Gazetos,* for appellant.

No argument was made nor brief submitted for appellee.

Per Curiam, January 17, 1952:

This is an appeal from the refusal of the court below to quash an information charging a violation of the summary provisions of section 1201(a) of The Vehicle Code of May 1, 1929, P. L. 905 as amended, 75 PS §731.

The appellant was arrested on November 13, 1950 on a charge of exceeding the speed limit in Harrisville,

Butler County. An information was made against him before Justice of the Peace "Fred J. Schmocker, R.D. No. 4, Slippery Rock, Pennsylvania". Notice of the hearing on the information and a copy were sent to the appellant who, on November 21, waived summary hearing, posted bond and took an appeal to the Court of Quarter Sessions of Butler County.

The appellant presented his motion to the Court of Quarter Sessions to quash the information on the ground that it was defective in that it did not set forth the location of the office of the justice of the peace. In the lower court and on argument before us, it was admitted that there is no justice of the peace in Harrisville, that Schmocker is a justice of the peace of Mercer Township, which adjoins Harrisville, and that he is the nearest available magistrate. Consequently, he had jurisdiction of the offense (*Com. v. Gill,* 166 Pa. Superior Ct. 223, 70 A. 2d 700), and it is not contended otherwise.

However, it is the contention of the appellant that the information must show affirmatively on its face the location of the justice of the peace and since it did not do so, the information is defective and should be quashed. In *Com. v. Burall,* 146 Pa. Superior Ct. 525, 22 A. 2d 619, we held that by waiving a hearing and taking an appeal the defendant charged with summary violation of The Vehicle Code waived his right to attack the record of the justice of the peace on technical deficiencies.

We have no authority to review appeals from interlocutory orders. *Com. v. Wideman,* 150 Pa. Superior Ct. 524, 28 A. 2d 801. No appeal lies except from a sentence or other final judgment. *Com. v. Haimbach,* 151 Pa. Superior Ct. 581, 30 A. 2d 653. The order here is interlocutory and, therefore, non-appealable. *Com. v. Gates,* 98 Pa. Superior Ct. 591.

The appeal is quashed.