## Commonwealth v. McMillin

*Sherman K. Levine*, district attorney, for Commonwealth.

*Morris & Mckim*, for defendant.

BRAHAM, P. J., May 7, 1953.—The facts with respect to this appeal from summary conviction of a violation of The Vehicle Code are established by a stipulation between the Commonwealth and defendant. The facts as thus established are as follows:

The alleged violation took place October 17, 1952. Information was filed October 21, 1952, against Dave A. McMillin. Notice to appear before the justice of the peace was sent by mail addressed to Dave G. McMillin, R. D. 1, Wampum, but defendant refused to receive it because his name was Dave W. McMillin. The notice was returned to the justice of the peace and the information and notice were amended to read Dave W. McMillin. The amended notice was sent November 3, 1952, and was received by defendant.

On November 12, 1952, an entirely new information was filed against Dave W. McMillin charging the same offense. Notice thereof was promptly sent to defendant. This is the proceeding now before the court.

At the hearing before the justice of the peace defendant challenged the jurisdiction of the justice of the peace because the information was made more than 15 days after the alleged violation. The justice of the peace ruled that the second information was proper under the Act of May 1, 1927, P. L. 905, sec. 1201, as amended, 75 PS §731, as a second information after defendant's real identity had become known. Then the stipulation concludes:

"Defendant claimed that this section did not apply to this situation. Having been overruled in this matter, defendant took no further participation in the hearing and appeals upon this case claiming that the justice of the peace had no jurisdiction in the matter and no decision by him in this matter is valid."

Summary proceedings under The Vehicle Code must be brought within the time allowed by section 1201 of the Act of May 1, 1929, P. L. 905, as amended, 75 PS §731, and must be proceeded with as provided by section

732 of the act, 75 PS §732. In short, an information must be filed within 15 days after the offense, notice to defendant must be sent to defendant by registered mail within seven days after information filed and if defendant does not appear within 10 days of the date of the written notice a warrant for his arrest may issue. The portion of the statute to be construed in the present case is an exception to the general rule fixing 15 days as the time within which information must be filed (75 PS §731) and is as follows:

"Except that where an information is filed against a person prima facie guilty of a summary offense, and it subsequently appears that a person other than the person named in the information was the offender, an information may be filed against such other person within fifteen (15) days after his or her identity shall have been discovered".

The initial question is whether under the circumstances described defendant can raise in this court the question of the court's lack of jurisdiction. Here a distinction must be drawn between a certiorari to the common pleas under the Act of March 20, 1810, P. L. 208, 42 PS §951, which brings up the record of the justice of the peace, an appeal to the quarter sessions after hearing under section 1204(a) of the Act of May 1, 1929, 75 PS §734(a), and a waiver of hearing and appeal under section 1204(b) of the Act of 1929, 75 PS §734(b).

If defendant does not seek to establish the jurisdictional facts of the case but only to challenge the record of the justice of the peace as to the jurisdictional facts, he must proceed by certiorari to the common pleas: Commonwealth v. Benson et al., 94 Pa. Superior Ct. 10; Commonwealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282; Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 528; Commonwealth v. Trufley, 170 Pa. Superior Ct. 200.

If defendant appears before the justice of the peace and proceeds to trial on the merits he thereby waives defects in the procedure by which he was notified and brought before the magistrate and cannot raise them on appeal to the quarter sessions: Commonwealth v. Myers, 22 D. & C. 586; Commonwealth v. Schiewe, 40 D. & C. 165. An exception to this rule prevails when the justice of the peace lacks jurisdiction over the subject matter, as when the proceeding has been brought before a magistrate who is not the nearest magistrate as directed by the statute: Commonwealth et al. v. Germsback, 167 Pa. Superior Ct. 106; Commonwealth v. Gill, 166 Pa. Superior Ct. 223.

If defendant appears before the magistrate, waives a hearing and gives bond for trial before the quarter sessions he may there challenge the sufficiency of notice and service to subject him to the jurisdiction of the magistrate. The law on this subject has not been entirely clear. Some authorities have considered the waiving of a hearing as equivalent to trial before the magistrate in depriving defendant of the right to object to the procedural steps before the magistrate: Commonwealth v. Lafy, 34 D. & C. 564. The view which has prevailed, however, is expressed in Commonwealth v. Myers, 22 D. & C. 586, in which case the late Judge Hargest pointed out the distinction between appeal after hearing under section 734(a) and a waiver of hearing and appeal under section 734(b), a conclusion adopted in Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 227.

The appeal at bar was taken after defendant had appeared for trial before the justice of the peace and had challenged the jurisdiction of the justice but had refused to go into a contest on the merits. This much is established by the stipulation. In these circumstances defendant has not waived the jurisdictional defect of improper service upon him.

Was the service in fact improper? When the justice discovered the mistake in the name, amended his record accordingly, and sent defendant notice it was then more than seven days after information lodged. Accordingly the initial proceeding was abandoned and a new one instituted. The new informations were filed more than 15 days after the offense but apparently within 15 days after the mistake was discovered. This may reasonably be deduced from the stipulation wherein it is agreed that the amendment of the name was had November 3, 1952, and the new proceedings instituted November 18, 1952.

A second information under section 1201 of the act, as amended, is allowed only where the first one was filed "against a person prima facie guilty of a summary offense, and it subsequently appears that a person other than the person named in the information was the offender". What is meant by "prima facie guilty"? Did the legislature mean to charge the magistrate with the duty of determining what pleadings charge, or what evidence proves, a prima facie case? We apprehend not. This is often a question difficult of decision by lawyers and judges. Rather the reference is to section 1209 of the act (75 PS §739) which provides that "the registration plate displayed on such vehicle shall be prima facie evidence that the owner of such vehicle was then operating the same". If at hearing the owner takes oath that he was not driving the vehicle and discloses who was driving the owner is released from his prima facie responsibility.

This is the situation to which the limitation section of the act refers. It allows a further period of 15 days within which the driver may be prosecuted.

The failure to notify defendant in his right name has heretofore been regarded as fatal to a summary proceeding under The Vehicle Code: Commonwealth v. Schiewe, 40 D. & C. 165; Commonwealth v. Myers, 22

D. & C. 586. Apparently the Commonwealth so concluded in the present case because the initial proceeding was dropped. A mistake was made in the name, this is all. There is no contention that Dave G. McMillin was the owner and Dave W. McMillin the driver. Although the stipulation is not entirely clear on the point, this much was freely conceded at the hearing. Hence there is nothing from which we may conclude that Dave G. McMillin was "prima facie guilty", and the exception in section 1201 of the act (75 PS §731) does not apply. It is found as a fact that notice of the prosecution was not given to defendant within the time allowed by law and the prosecution must fail. Entertaining these views we make the following

### Order

Now, May 7, 1953, defendant is acquitted by reason of the Commonwealth's failure to give him appropriate notice of the proceeding within the time allowed by law. Restitution by the justice of the peace or the treasurer of the fine and costs paid by defendant is now decreed.