## Commonwealth v. Shetrom

*Richard Sharp,* for Commonwealth.

*R. Merle Heffner* and *Edward L. Williard,* for defendant.

CAMPBELL, P. J., February 10, 1961.—Defendant was charged by a state police officer with two motor vehicle violations. First, a bad pass in violation of

section 1008, subsection (b), of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1008b, and secondly, speeding in that he did drive his car at the rate of 80 miles per hour in a 50 miles per hour zone in violation of section 1002, subsection (b) (6), 75 PS §1002b-6.

Defendant elected to waive the hearing and gave bail for his appearance and trial before the Court of Quarter Sessions of Centre County as provided by The Vehicle Code of April 29, 1959, P. L. 58, sec. 1205, 75 PS §1205.

The matter came on for hearing on May 23, 1960, at which time a motion was made to quash the return and information and for the discharge of defendant on two grounds. First, for the reason that there are two separate offenses charged in the same information and, secondly, that the information is defective in failing to affirmatively show the jurisdiction of the justice of the peace by failing to allege where the offense took place.

Since both questions involve the language of the information we quote same in full:

"COMMONWEALTH OF PENNSYLVANIA ⎫
COUNTY OF CENTRE ⎬ ss:
                 ⎭

"Before me, the subscriber, C. Paul Cowher, J. of P. a magistrate in and for the said county, personally came Tpr. John J. Hayward of the Pennsylvania State Police, who upon oath administered according to law, deposes and says, that at Rush Township, in the County of Centre, on the 31st day of March, 1960, Charles Shetrom, defendant, above named, did unlawfully operate a Chrys., Cp., bearing 1958 Penna., registration number 8227R, 1959 validating sticker number 111984, upon the public highway, known as route #350, in the above named county, township and commonwealth, at or about the hour of 1:50 PM, EST. In that he did overtake and pass another vehicle pro-

ceeding in the same direction, when approaching a crest of a grade, where the driver's view along the highway was obstructed within a distance of 500 feet ahead, and when the said highway did not have 2 or more lanes for the movement of traffic in one direction. He also did operate on the above mentioned highway, at or about the hour of 1:55 PM, EST., at the rate of speed of 80 miles per hour, this being 30 miles per hour in excess of the maximum rate of speed allowed this type of vehicle, which is 50 miles per hour, the rate of speed having been timed for a distance of not less than ¼ miles by a peace officer, using a motor vehicle, a Ford Sedan, bearing 1958 Penna., registration number 82986, 1959 validating sticker number 2603706, and equipped with a speedometer tested for accuracy by an official speedometer testing station, within 30 days prior to the alleged violation, as required by law. This information is filed on information received from Capt. Singleton Shaffer, C-2 Commanding Officer which this affiant believes to be true and correct. CONTRARY TO SUB SECTION "B", SECTION 1008, SUB SECTION "B", PARAGRAPH 6, SECTION 1002, ACT 32, APPROVED APRIL 29TH, 1959. AND the magistrate being in and for RUSH TOWNSHIP in said county being nearest available magistrate to the place of the violation C. PAUL COWHER contrary to the form of the act of the general assembly, in such case made and provided. Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant CHARLES SHETROM shall be arrested and held to answer this charge of VIOLATIONS OF VEHICLE CODE. and further deponent saith not.

/s/John J. Hayward
TPR. JOHN J. HAYWARD
PSP., PHILIPSBURG, PENNA. Complainant"

With respect to the objection that there are two offenses charged in the same information, we would refuse defendant's motion.

It has been held by the appellate courts of this State that it is not necessary that an information should charge the offense with the same detail and technical accuracy required in an indictment and if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient: Commonwealth v. Ginsberg, 143 Pa. Superior Ct. 317; Commonwealth v. Spallone (No. 1), 154 Pa. Superior Ct. 282; Commonwealth v. Beloff, 166 Pa. Superior Ct. 286; Commonwealth v. De Baldo, 169 Pa. Superior Ct. 363; Commonwealth ex rel. Garland v. Ashe, 344 Pa. 407.

A justice of the peace or similar officer may properly try a case in which charges for separate offenses or violations of statutes are united in the same complaint or accusation, at least where the offenses are all of the same general character and each, taken separately, is within the limits of his jurisdiction. The rule as to joinder of separate offenses in one complaint rests on a technicality which will not stand in the way when the interest of defendant is not jeopardized: Commonwealth v. DeBaldo, supra; Commonwealth v. Tryman, 62 Pa. Superior Ct. 241. This practice has been approved by textbook authorities and lower courts of this Commonwealth, in addition to the appellate court cases above cited. See Carringer, Summary Convictions, page 38; Commonwealth v. Arnold, 86 D. & C. 154. Certainly in this case, both violations arose out of the same transaction or occurrence, were observed by the same informant, and we see nothing which would in any way jeopardize defendant by including both offenses in the same information.

The second reason assigned for the motion to quash is an attack upon the jurisdiction of the justice of the peace with respect to the subject matter and involves section 1201 (*a*) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1201, which requires informations to be brought before the nearest available magistrate within the municipal subdivision in the county where the alleged violation occurred.

We are not unmindful that the provisions of this section are mandatory and that it is only through strict compliance with this section of the code that jurisdiction is acquired, that jurisdiction of subject matter cannot be given to courts by consent and that one who waives a hearing may still raise the question of jurisdiction before the court of quarter sessions. See Commonwealth v. Gill, 166 Pa. Superior Ct. 223.

On the other hand, there is a decided difference between challenging the magistrate's jurisdiction as a fact and of contending that the magistrate's record failed to disclose this fact. Our Superior Court in Commonwealth v. Gill, supra, in distinguishing that case from the case of Commonwealth v. Burall, 146 Pa. Superior Ct. 525, specifically stated (page 226) : "The contention there [Burall case] was not that the justice of the peace before whom the information was filed was not in fact the nearest available justice of the peace; the contention was that the *record* of such justice failed to disclose this fact." (Italics supplied.)

In waiving hearing and taking an appeal a defendant charged with a summary violation of the vehicle code waives his right to attack the record of the justice of the peace on technical deficiencies: Commonwealth v. Trufley, 170 Pa. Superior Ct. 200; Commonwealth v. Burall, supra.

In this case, defendant is not saying that the justice of the peace is not the nearest available magistrate but, on the contrary, is contending that the informa-

tion does not affirmatively show all of the facts or evidence to indicate such to be the case. With this in mind, let us examine defendant's contention.

Defendant's argument with respect to jurisdiction is two-fold. First, he contends that, if one reads the second charge by itself, there is no averment that the offense took place in any particular municipal subdivision. This would likewise be true with respect to date, type of motor vehicle involved and other matters. Aside from the fact that the same technical accuracy which is necessary in an indictment is not essential to an information, we hold that informations, like all legal documents, should be read and considered as an entire instrument and no defendant should be permitted to suit his convenience by removing from context isolated portions of it. If you read the information as a whole, it clearly states that defendant is charged with two violations in Rush Township, Centre County. First, that he did unlawfully overtake and pass another vehicle and, secondly, that he did operate a vehicle at the rate of speed of 80 miles per hour when the speed limit permitted was 50 miles per hour. In modern practice, where indictments contain successive counts, each count does not set forth all of the details contained in the heading of the first count of the indictment, and we see no reason to require these matters to be repeated when two or more offenses are charged in the same information. The test of the sufficiency of information is whether or not the language fairly apprises defendant of the charge, so long as the magistrate has jurisdiction over the person and subject matter involved.

The second contention of defendant with respect to jurisdiction raises the definite and limited question as to whether or not the information must allege the exact location within a municipal subdivision where the alleged offense took place.

Jurisdiction of the justice of the peace over the subject matter in this case depends upon two things. First, the magistrate must be located in the county and the municipal subdivision where the violation occurred and, secondly, he must be the nearest available magistrate within the municipal subdivision of the county. We are not involved with the situation where there is no person holding the office of magistrate where the alleged offense occurred. The information in this case plainly alleged that the violation took place in the County of Centre and in the Township of Rush on a public highway known as Route 350, and that the magistrate, C. Paul Cowher, is a magistrate in Rush Township, in Centre County, and that he is the nearest available magistrate to the place of violation. Must the information go further and pinpoint the exact place in Rush Township where the violation took place? We think not and so hold. Sufficient has been averred as to the place of the violation to show that the magistrate had jurisdiction. We know of no statutory or common-law requirements which require the information to set forth the evidence to support the required jurisdictional allegations.

There is apparent uniformity of Pennsylvania decisions to the effect that, where the information fails to indicate the county and municipal subdivision where the offense occurred, the information will be quashed: Commonwealth v. Phelps, 170 Pa. 430; Davis v. Commonwealth, 3 Lack. Jur. 373, where the county was not alleged; Commonwealth v. Mace, 70 Dauph. 170; Commonwealth v. Rathman, 9 D. & C. 2d 699; Commonwealth v. Scheetz, 61 D. & C. 185, in which the information did not indicate in which municipal subdivision the offense occured.

In the case of Commonwealth v. Jeffries, 55 Lanc. 203, Judge Wissler held sufficient an information which alleged a violation on a highway route in a

township within that county and that the magistrate was the nearest available one. This was so even though the prosecuting officer averred the wrong highway number.

With the holdings of these cases we would agree for the reason that the municipal subdivision is an essential fact which shows the presence or absence of jurisdiction. We would likewise agree that the information should contain the averment of the fact that the magistrate before whom the information was filed was the nearest available magistrate in the municipal subdivision to where the offense occurred. That, too, pertains to jurisdiction of subject matter. We have no quarrel with textbook authorities who hold that one of the essential elements of an information is the place where the offense was committed: Carringer Summary Convictions, page 32. The real question still remains as to how much into detail must the prosecutor go once facts as to location are alleged indicating jurisdiction under the statute. Defendant has taken consolation in the language of various lower court cases above cited and also the case of Commonwealth v. Quick, 89 D. & C. 471. We feel that all of these cases can be distinguished and none go so far as to decide the case at issue here. If the language used therein could be so interpreted, we would respectfully disagree.

We think there is a difference between the question of jurisdiction and the question as to whether or not the information sufficiently appraises defendant of the charge to enable him to prepare his defense and the immediate problem involves the latter instead of the question of jurisdiction. This is not a question of jurisdiction of the magistrate, because he did have jurisdiction if the facts averred in the information were proven. While we know of no specific procedural remedy to enable a defendant to secure wanted or needed information in a summary proceeding, we certainly

would inquire of the prosecuting officer, and, if the information were withheld, it would of necessity have to be part of the Commonwealth's case before the magistrate or the court, and if the problem then became material, sufficient time could be allowed defendant to make his investigation and to produce the necessary witnesses in the event it was necessary to do so. Defendant at all times would have the protection of the courts to see that no injustice was done. We would prefer to see the matter handled in this fashion. As a practical matter, nearly all prosecutions involve stopping defendant on the highway where the offense occurs. Defendant, therefore, has knowledge of the exact location. In those instances where such is not the case, the protection of the courts is available as above suggested.

To hold that the information must contain detailed information as to the location where the offense occurred in addition to the jurisdictional facts, would cause unnecessary hardship and confusion especially in rural areas. It would require the police officer to go back and measure distances to some known monument or intersection. Where the offense was speeding and defendant was followed for several miles, it would require the police officer to arbitrarily determine at what point he chose to say the offense occurred. Even when all this was done, it would not definitely determine the question at issue until the locations of the offices of at least two of the justices of the peace were established in order to show which was the nearest one. We think all these matters are evidence which can be secured and produced if it becomes material.

The information need not show the location of the office of the justice of the peace: Commonwealth v. Trepley, supra.

After all, the purpose of this statute was to enable defendant to have his case heard in the nearest office,

to distribute such cases equitably between magistrates and to prevent favoritism and possible collusion between a selected few prosecuting officers and magistrates. It was not intended as a technical ground for abuse by defendants to escape the penalties for their violations.

We agree with Judge Mook in the case of Commonwealth v. Mosier, 22 D. & C. 2d 258, where he says "our courts must preserve and protect the fundamental and constitutional rights of all free men against encroachments by the State and this is so even though the government may have acted in the interests of public welfare and public safety, but on the other hand where no constitutional rights have been infringed, courts should not be astute in resorting to technicalities to relieve persons of criminal responsibility for their unlawful acts."

If there is a technical deficiency in the information, it does not involve the question of jurisdiction but would at most affect the ease with which the defendant would be able to prepare his defenses. We would further hold that under our appellate decisions such deficiency, if any, was waived by defendant when he waived his hearing and appealed to this court. See Commonwealth v. Trufley, supra, and Commonwealth v. Burall, supra.

It was agreed at the time this matter came on for hearing that, in order to expedite the decision in this case, the testimony would be taken and would be considered by the court subsequent to ruling on the motion to quash and discharge the defendant. This was done, and we now consider the testimony offered by the Commonwealth and defendant. The information alleges that defendant violated section 1008(b) of The Vehicle Code of April 29, 1959, which requires "the driver of a vehicle shall not overtake or pass another vehicle proceeding in the same direction, when ap-

proaching the crest of a grade, nor upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of five hundred (500) feet. . . .": 75 PS §1008(*b*). The undisputed testimony is that defendant started to overtake and pass another vehicle when defendant's view along the highway was unobstructed for a distance in excess of 500 feet, but at the time the pass was completed, there was less than 500 feet of unobstructed view. The legal question is clearly raised as to whether or not the act requires the operator to have 500 feet of unobstructed view at the time of the commencement of the pass or must he attempt to pass at such a point that will still allow him 500 feet of unobstructed vision after he has completed the pass. This court has previously held that the act requires the driver to have unobstructed vision for a distance of 500 feet at the moment any portion of the overtaking vehicle is opposite or alongside the vehicle being overtaken.

We are still of the same opinion and concur with the logic of Judge Swoyer, of the Wayne County Common Pleas Court, in the case of Commonwealth v. Feigenbaum, 25 D. & C. 43. See also Commonwealth v. Dorr, 27 D. & C. 372.

Defendant was likewise charged with the violation of section 1002*b*-6, which states the speed limit for a passenger vehicle is 50 miles per hour on the road in question. Of this charge, the evidence warrants the conviction of defendant. The testimony discloses that the violation in question took place at a particular location on Route 350 in Rush Township, Centre County, and that C. Paul Cowher was the nearest available justice of the peace to the place where the violation took place, that defendant was followed by a police officer for a distance of not less than one quarter of a mile with the use of a vehicle properly tested for accuracy within 30 days of the alleged violation. Defend-

ant offered no testimony whatsoever to contradict or challenge the testimony of the Commonwealth that C. Paul Cowher was the nearest available justice of the peace to the place where the speeding took place, nor did defendant offer any denial of the excessive rate of speed alleged other than to say that he did not know how fast he was traveling. Accordingly, the following order is entered:

And now, to wit, February 10, 1961, defendant's motion to quash and to discharge defendant is refused, and defendant is found not guilty of the violation of section 1008, subsection *b* of The Vehicle Code, but as to section 1002, subsection *b*-6, we find defendant guilty and defendant is ordered to pay a fine of $10, the costs of the justice of the peace, and the costs of this appeal.

And now, to wit, February 10, 1961, an exception is noted and bill sealed for defendant.