## Commonwealth v. Colbert

*Ronald L. Stockham,* for Commonwealth.

*Lloyd A. Good,* for defendant.

BECKERT, J., February 8, 1972.—This is an appeal from a summary conviction of defendant for violation of section 1002(b)(6) of The Vehicle Code, 75 PS §1002(b)(6). Defendant, Richard P. Colbert, was apprehended on February 19, 1971, by Officer Naegele, of the Northampton Township Police De-

partment, of this county. He was charged with speeding at the rate of 90 miles per hour in a 55-mile-per-hour speed zone. The officer issued to defendant at that time a citation for the offense on which was the typewritten name "Naegele" but which did not contain the handwritten signature of the arresting officer.

On April 22, 1971, a hearing was held before the justice of the peace. At the hearing, counsel for defendant at that time moved that the proceedings be quashed because the citation had not borne the handwritten signature of the police officer. Pennsylvania Rule of Criminal Procedure 132(6) was cited as authority for this position. Rules of Criminal Procedure Nos. 131 to 139, inclusive, pertain only to the practice in Bucks, Erie and Luzerne Counties. The justice of the peace overruled this motion, but ruled that defendant would not waive any right he may have to object to the alleged defect. The transcript of the justice of the peace discloses that both Officer Naegele and defendant were sworn and testified to the merits. Defendant was found guilty of the charge.

Defendant contends that the failure of the police officer to sign the citation was a substantive defect requiring his discharge by the issuing authority under Pa. R. Crim. P. 115. This rule provides:

"If at any time prior to disposition of a case by an issuing authority it appears that a warrant, summons, complaint or citation contains a substantive defect, the defendant shall be discharged, but nothing in this rule shall prevent the filing of a new complaint, and the issuance of process charging another offense in a proper manner."

Defendant urges that the transcript of the justice of the peace should be quashed and that he be discharged.

We would normally feel obliged to discuss but one issue as we believe that the resolution of that issue would be dispositive of the matter before us. That issue is whether the questions posed by defendant can be raised on appeal. However, as the dissenting opinion, which was originally the majority opinion, discusses other aspects of this case, we feel compelled to comment on the other phases and questions raised at the time of argument and at least in part treated in the now dissenting opinion.

Assuming, for purposes of argument, that the arresting officer's signature is required on the citation, we would have no difficulty in finding, as have other courts, that an instrument is deemed to be signed if the signature is typed thereon: Weiner v. Mullaney et al., 140 P. 2d 704, 712 (Cal. App. 1943); Plemens v. Didde-Glaser, Inc., 224 A. 2d 464, 467 (Md., 1966).

The word "signature" has been defined as ". . . the act of putting down a man's name at the end of an instrument, to attest its validity . . .": Bouv. Law Dictionary, vol. 3, p. 3071. Exactly what constitutes a "signing" has never been reduced to a judicial formula in this Commonwealth (Brennan's Estate, 244 Pa. 574 (1914)), and, therefore, whether or not a mark of some nature constitutes a signature depends upon all of the surrounding circumstances and the intention of the person affixing the mark to the instrument. Accordingly, it has been held that it is not even necessary that the person's name be used to designate a good or sufficient signature. See Kimmel's Estate, 278 Pa. 435 (1924), where the words "will clost your Truly Father" was held to be a good signature, as was the word "Pop" held to be sufficient in Kling Estate, 12 D. & C. 2d 588 (1956).

A serious doubt exists in our minds as to whether

or not any "signature" is required. It cannot be argued that Pennsylvania Rule of Criminal Procedure 132 entitled "Contents of Citation" sets forth as one of the required averments in the citation "the signature of the police officer and the date of issue." It is interesting, however, to note that the form of the citation suggested by the rules, as set forth in rule 133(a) *does not* have any appropriate space or numbered block set aside for the signature of the officer. Therefore, at first blush, one would be inclined to agree that rules 132(a) (6) and 133 are inconsistent when it comes to construing the meaning of the phrase "signature of the police officer." I submit that the two sections are not at odds after a study is made of the purpose for which the citation is to be used.

The confusion which I contend flows from the dissenting opinion arises partly from the failure of the dissent to distinguish between a *citation* and a *warrant.* Rule 134 sets forth the procedure to be followed if defendant does not make a proper response within the time prescribed. The following language is found in subsections (3), (4) and (5) of rule 134:

"(3) An issuing authority before whom a citation is filed shall, if proper response is not made in accordance with these rules by the defendant within the ten (10) days prescribed, notify the police officer within three (3) days thereafter.

"(4) The police officer shall appear within twenty (20) days before the issuing authority, and under oath shall attest to the facts contained in the citation previously filed.

"(5) Thereafter, the issuing authority shall issue a warrant for the arrest of the defendant."

Therefore, it is submitted that the name and not the signature of the arresting officer is required on the citation, in order that the issuing authority can

contact that officer, in the event of the failure of defendant to respond to the citation within the time specified therein. The name of the officer also is required for the purpose of advising defendant of the identify of the issuing officer. In many instances, a writing of one's name would be illegible and would not convey this information, either to defendant or to the issuing authority.

The function to be served by a citation is to avoid the unceremonious removal, perhaps in the middle of the night, of the responsible citizen from the highway and his subsequent incarceration in the local lockup in lieu of bail. The criminal rules, therefore, are designed to permit the officer to execute a citation on the spot and to issue the citation which, in effect, is a release of defendant on his personal recognizance. The citation is not a warrant, this being apparent from the wording appearing in the bold type at the end of the citation, which reads "Failure to respond within the time specified above will result in the issuance of a warrant for your arrest." The citation does not constitute original process, for, as that term is used, original process means the power to compel a defendant to appear before one possessing legal authority. The citation does not compel appearance and is nothing more than a uniform traffic ticket issued as a courtesy to defendant, giving him advance notice of the prosecution and affording to him the right to voluntarily appear before the issuing authority. Therefore, in my opinion, the citation does not have to comply with article I, sec. 8, of the Pennsylvania Constitution, as it is not this instrument which causes defendant to be seized, but it is the warrant thereafter issued in compliance with rule 134(4) and (5). A warrant under that section cannot issue unless the citation issuing officer shall "under

oath . . . attest to the facts contained in the citation."

However, in the event defendant voluntarily appears before the issuing authority, jurisdiction over defendant is obtained. In the instant case, defendant did appear and after having appeared now files this appeal on the grounds that the citation was defective as it failed to contain the officer's "signature." In electing to proceed by appeal, rather than by certiorari, defendant has waived all formal defects in the proceedings before the issuing authority: Commonwealth v. Palms, 141 Pa. Superior Ct. 430 (1940); Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941); Commonwealth v. Trufley, 170 Pa. Superior Ct. 200 (1952). The basis raised by the appeal falls within the realm of formal defects and, therefore, could not be raised in this manner.

Defendant's appeal should, therefore, be dismissed and, accordingly, we enter the following

### ORDER

And now, February 16, 1972, defendant's motion to quash the transcript of the justice of the peace and to be discharged is hereby denied and refused. A hearing will be scheduled on defendant's appeal at a date and time to be fixed by this court.

Satterwaite, P. J., and Walsh, J., join in this opinion.
Bodley, J., and Mountenay, J., concur in the result.

### DISSENTING OPINION

MONROE, J., February 8, 1972.—I dissent.

"In electing to proceed by appeal, rather than by certiorari, defendant has waived all formal defects in the proceedings before the justice of the peace: Commonwealth v. Palms, 141 Pa. Superior Ct. 430 (1940); Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941); Commonwealth v. Trufley, 170 Pa.

Superior Ct. 200 (1952). Of course, lack of jurisdiction is not waived and could not be raised on appeal": Commonwealth v. Delikat, 12 Bucks L. Rep. 306 (1961); Commonwealth v. McCloskey, 18 Bucks L. Rep. 511 (1968); Commonwealth v. Davidson, 412 Pa. 279 (1963).

The majority, as I understand the opinion on their behalf, hold that the typed surname, rather than a hand signature, of the arresting officer upon the citation issued to defendant is a formal defect, if any defect at all, in the citation, which was waived by defendant's appeal. If I could agree with their premise, I would have to accept their conclusion. I am of the opinion that a substantive defect exists in the citation, that Rule of Criminal Procedure 115 came into play when defendant moved the justice of the peace to quash the proceeding and, therefore, the justice of the peace was without jurisdiction to proceed to a hearing on the merits or to enter any judgment other than a "discharge" of defendant as demanded by the rule. I explained why.

It is necessary to consider the pertinent provisions of the Rules of Criminal Procedure and the form and contents of the citation which was, in fact, issued by the arresting officer. The record returned to us by the justice of the peace contains duplicate originals of that portion of the citation which are intended for the use of the justice of the peace. The copy served upon defendant by the arresting officer was not made a part of the record. However, at argument, on agreement between counsel for the Commonwealth and counsel for defendant, form copies of citations issued by this court to police departments for use in motor vehicle violation cases were made available to us. These include the copy or duplicate for the accused or defendant. They do not strictly adhere to the form

of citation provided for in Criminal Rule 133(a), referred to hereafter. It is agreed that they are identical in form with those used in this prosecution.

Rules of Criminal Procedure Nos. 131 to 139, inclusive, pertain only to the practice in Bucks, Erie and Luzerne Counties.

Criminal Rule 131, in pertinent part, provides:

"(a) When the commission of a summary offense is observed by a police officer, he may, in his discretion, issue a citation to such person charging the violation of said summary offense."[1]

Criminal Rule 132 is entitled "Contents of Citation," and provides "A. *Required* Averments. Every citation shall be substantially in the form set forth in Rule 133 (a) or 133(b)[2] and shall contain: ". . . (emphasis supplied) [In sub-paragraphs (1) through (5) the name and address of the organization and the badge number of the police officer, the name and address of the defendant, the date, time and place when the offense was committed and the citation of the specific section or subsection of the statute allegedly violated]

"(6) The signature of the police officer and date of issuance;

"(7) The copy delivered to the defendant shall contain a notice to him:

"(A) That the original copy of the citation will be filed before the issuing authority of the magisterial

---

[1] Therefore, a police officer observing a summary violation of The Vehicle Code in Bucks County may elect to initiate a prosecution therefor under Rules 131, et seq., or by resort to Rules 102.4, 118, 104, 105, 106.

[2] The form of citation set forth in Rule 133(b) is specifically limited to use in summary offenses not involving a vehicle and therefore has no relevancy to the present discussion.

district named in the citation, whose name and address shall be contained in the citation; and

"(B) That the defendant shall within ten days of issuance either:

"(1) plead not guilty by:

"(a) Appearing before the named issuing authority, entering his plea and posting security for his appearance at trial, or

"(b) Notifying the issuing authority in writing of his plea of not guilty and forwarding an amount equal to the fine and costs specified in the citation, or if not specified, the sum of $50.00 as security for his appearance at trial,[3] or

"(2) plead guilty by

"(a) Forwarding to the issuing authority an amount equal to the fine and costs specified in the citation; or

"(b) Appearing before the issuing authority when the fine and costs are not specified in the statute or ordinance."

And 7 (C) of the rule requires the citation to contain notice that *failure to respond thereto* as therein provided within the time specified *shall result in the issuance of a warrant for the arrest of the defendant.* Subdivision B of rule 132 is as follows: "B. Additional Information.

"Additional information may be contained in a citation to assist the police organization issuing the citation or the issuing authority with whom it is filed in the performance of their respective functions. Failure of any person to make or complete such additional

---

[3] It is to be noted that if defendant pleads not guilty for whatever reason, he must appear or enter security for his appearance before the justice of the peace. Presumably, if he wishes to attack the legal sufficiency of the proceeding against him, he must do likewise.

information shall not affect the validity of the citation or a prosecution commenced thereby."[4]

Criminal Rule 133(a) is entitled "Form of Citation," and it states that "Every citation for a summary offense or other traffic violation under The Vehicle Code shall be substantially in the following form:" Therein follows two forms of citation, the first being entitled "Original," which goes to the justice of the peace, and the second is entitled "Defendant's Copy." The original contains 62 blocks for the insertion of information, many of which are for information not "required" by rule 132. The form for "Defendant's Copy" contains 34 numbered blocks and five unnumbered blocks appearing at the end of defendant's copy of the citation, making a total of 39 blocks, many of which also call for information not "required" by rule 132. As to the forms of citation in actual use in this case, those for filing with the justice of the peace contain 62 numbered blocks and defendant's copy contains 39 numbered blocks (the same total number as in the form in rule 133(a) for defendant's copy), both forms calling for the same information as called for by the forms set forth in rule 133(a) but not in identical block numbers. It is to be observed that in none of the forms in rule 133(a) or in the citations used in this case is there a block precisely calling for "Signature of Police Officer"; however, in all of them there is a block containing the word "officer" in small print at the top thereof. This appears in block nos. 61 of the form for the justice of the peace set forth in rule 133(a), block no. 31 of the form for defendant's copy as set forth in rule 133(a),

---

[4] The citation is, it seems, something more than "a uniform traffic ticket issued as a courtesy" as the majority state. And see rule 102.6

in block no. 38 of the copy of the citation returned to the justice of the peace in this case and in block no. 38 of the copy of the citation handed to defendant in this case. It is in all of the blocks numbered 38 of the citations issued in this case that the typewritten name "Naegele" appears. But Officer Naegele's handwritten signature does not appear therein or anywhere on any of the citations.

The form for defendant's copy of the citation as set forth in rule 133(a) and defendant's copy of the citation actually used in this case both contain the printed matter required by rule 132(7)(A), (B) and (C).

Criminal Rule 134 pertaining to "Procedure Upon Issuance of a Citation" requires that the arresting police officer, upon issuing a citation, shall serve a copy upon defendant and within five days thereafter file the original with the issuing authority named in the citation. In the event that defendant does not respond to the notice to plead contained in the citation within the 10 days prescribed, the issuing authority is required to notify the police officer who shall appear before him "and under oath shall attest to the facts contained in the citation previously filed." The issuing authority is thereupon required to issue a warrant for the arrest of defendant and upon his apprehension proceed to a hearing as required by the rules. (See, e. g., rule 142.)

Black's Law Dictionary defines "Signature" as "The act of putting down a man's name at the end of an instrument to attest its validity, the name thus written. A 'signature' may be written by hand, printed, stamped, typewritten, engraved, photographed or cut from one instrument and attached to another, and a signature lithographed on an instrument by a party is sufficient for the purpose of signing it; it being immaterial with what kind of instru-

ment a signature is made. (Cases) And whatever mark, symbol, or device one may choose to employ as representative of himself is sufficient (case)." The Commonwealth quotes the American Heritage Dictionary of the English Language as defining "Signature" as "1. the name of a person as written by himself. 2. a distinctive mark, characteristic, or sound effect indicating identity. 3. the act of signing one's name."

The Commonwealth's argument is that the typewritten name of the arresting officer, "Naegele" sufficiently complies with the requirement of rule 132(6) and constitutes a "signature" of the officer within the contemplation of that rule because in drafting the rule the Supreme Court required the signature as a means of identifying the officer and, therefore, his typewritten name is sufficient. The majority agree, with the thought that perhaps no signature of any character is necessary, despite rule 132.[5] It appears to me that one reason why the Supreme Court might require the arresting officer's signature is for purposes of identity but if it was for identity alone, and

---

[5] The majority are also persuaded that a hand signature of the officer's name is not "required" because the form set forth in rule 133(a) *does not* have any appropriate space" for the signature. If they are referring to a block specifically marked "signature of officer" that is so. If the reference is to the space available for a signature in the block marked "officer," that would depend upon the citation in use. In the citation in use in this case, the space within the block is 1-7/16" by 5/16" in size, a rather cramped area for a signature; but in the printed forms of citation in West Publishing Co. "Desk Copy Pennsylvania Rules of Court 1971" and in 19 PS Rules of Criminal Procedure, Rule 133(a), it is 2 inches and 1/8 inch by 5/16 inch in size, an adequate area. It all depends upon the printing. The inappropriate space argument does not persuade me to conclusions at variance with those I have set forth in this my opinion.

any type of symbol might be used for such purpose, then, of course, the badge number of the officer would suffice for such purpose, the badge number being required by rule 132(a)(1); but a hand signature would furnish a far more accurate identification than a typed name and would more positively authenticate the citation and its contents, which would be a further consideration for requiring that the officer's name be written in hand by him in the space provided. But there is a more weighty reason for believing that the Supreme Court intended that the word "signature" be the handwritten name of the officer making the arrest.

It is to be observed that anywhere in the Commonwealth a justice of the peace obtains jurisdiction over the person of one accused of a summary violation of The Vehicle Code, by an arrest on view (rule 102.4), followed by the filing of a formal complaint (rule 118), or by the filing of a complaint (rules 102.1, 104, 105), followed by the issuance of a summons (rules 106, 107(a), 109, 110), followed by defendant's voluntary appearance in response to the summons, or by a warrant of arrest (rule 107(b)). An alternative method in the Counties of Bucks, Erie and Luzerne by which a justice of the peace obtains jurisdiction over the person of one accused of a summary violocation of The Vehicle Code is by the issuance of a citation, Rules 102.6, 131, 132, 133, 134, to the accused and the filing of the original thereof with the issuing authority and voluntary submission of the accused to the jurisdiction of the justice of the peace by entry of a plea of guilty or a plea of not guilty in response to the notice required by rule 132A(7)(B) as endorsed upon the citation issued to the accused, or, in the event the accused does not respond to said notice, by issuance of a warrant of arrest (Rule 134).

The Pennsylvania Constitution, art. II, sec. 8, pertinently provides:

"The people shall be secure in their persons, . . . and no warrant . . . to seize any person . . . shall issue without . . . probable cause, supported by oath or affirmation subscribed to by the affiant."

This constitutional provision has been held to require that an information must be signed by the complaining officer and either sworn to or affirmed by him over the signature and seal of the justice of the peace. See Commonwealth v. Geier, 99 Pitts. Leg. J. 235, 237, wherein it was also held that an information to which the affiant's name was typed but did not bear his signature did not satisfy the constitutional requirement and the defect could be raised on appeal. It is apparent, therefore, that any warrant for arrest of a person who has violated the summary provisions of The Vehicle Code must be based upon an information, or its equivalent, which is subscribed to, i. e., signed in handwriting by the affiant, in order to be constitutionally sufficient. The Rules of Criminal Procedure are to be construed "as nearly as may be in consonance with the rules of statutory construction": Criminal Rule 2. They are, therefore, to be given a construction which does not violate the Constitution of this Commonwealth: The Statutory Construction Act, sec. 52(3), 46 PS §552.

The framers of the Rules of Criminal Procedure have met the constitutional requirement in respect of warrants of arrest which are based upon complaints (informations) in rule 104, which provides:

"Contents of Complaint. Every complaint shall be substantially in the form set forth in Rule 105 and shall contain . . . (10) the signature of the affiant and the date of the execution of the complaint."

The word "signature" as herein used must be given

the same construction as the word "subscribed" appearing in the Constitution, i. e., the handwritten signature of the affiant. Where the contention is as to the meaning of the word, then any meaning, whether technical or popular, which will support the constitutionality of the act must be adopted: Commonwealth ex rel. Wolfe v. Butler, 99 Pa. 535, 540 (1882); Kessler v. Hoffman, 9 Pa. Dist. Rep. 365 (1899). The rule must be followed: Commonwealth v. Rose, 437 Pa. 30, 35 (1970).

With respect to the elective procedure in the County of Bucks, the issuance of the citation permitted by rule 132 is a prerequisite to the jurisdiction of the justice of the peace.[6] A "required" averment in the citation is "(6) the signature of the police officer . . ." The word "required" cannot be ignored. The drafters of the rule cannot be deemed to have intended that its language be superfluous and without import. Every word must be given effect in construction of the rule: Daly v. Hemphill, 411 Pa. 263, 273 (1963); Commonwealth v. McHugh, 406 Pa. 566, 569 (1962). "Required" is not a technical word or one having a peculiar or appropriate meaning and as it is not defined in the rules, it, therefore, must be construed according to its common or approved usage: Commonwealth v. McHugh, supra, at 569; Statutory Construction Act, sec. 33, 46 PS §533; Webster's New World Dictionary of the American Language, College Edition, 1951, defines "require" as "1. to ask or insist upon, as by right of authority; demand: as, they require obedience. 2. to order; command: as, he required them to be present. 3. to demand as necessary

---

[6] Rule 102 states: "Criminal proceedings may be instituted by: . . . 6. A citation when the offense is a summary offense under The Vehicle Code . . ."

or appropriate; need: as, a hungry man requires food; v. i. to compel or demand."

It must be held, then, that the "signature" of the police officer is a necessary constituent of the citation. The word "signature" in rule 132 should be given the same meaning as attributed to it in rule 104. Compare Bonomo Unemployment Compensation Case, 161 Pa. Superior Ct. 622, 628 (1948); Commonwealth v. Maloney, 365 Pa. 1 (1950), where it is stated at page 11: "The rule is well established that a word or phrase, the meaning of which is clear when used in one section of an act, will be construed to mean the same thing in another section of the same act." This is of importance in establishing a constitutional basis for the issuance of an arrest warrant, for a valid arrest warrant can not issue on the procedures originating in a citation unless there is the equivalent of an information supported by oath or affirmation and the signature of the affiant prosecuting officer.

Rule 134 supplies the basis for the oath or affirmation. It provides that if defendant does not respond, within the 10 days prescribed, to the notice to appear and plead which is endorsed upon the citation in compliance with rule 132A(7)B, "(4) The police officer shall appear . . . before the issuing authority, and under oath shall attest to the facts contained in the citation previously issued." And further provides that thereafter the issuing authority shall issue a warrant for the arrest of defendant.

Ballentine's Law Dictionary defines the verb "attest" as meaning "to bear witness to; to affirm to be true or genuine. Lorch v. Page, 97 Conn. 66, 115 A. 681, 24 A.L.R. 1204, 1207." Black's Law Dictionary defines "attest": "To bear witness to; to

bear witness to a fact; to affirm to be true or genuine; to act as a witness to; to certify; to certify to the veracity of a copy of a public document; formally by signature; to make solemn declaration in words or writing to support a fact; to signify by subscription of his name that the signer has witnessed the execution of the particular instrument (cases)."

I think that the Supreme Court, in using the word "attest" in rule 134(4) intended it to have the meaning ascribed to it in Ballentine's Law Dictionary and the first meanings ascribed in Blacks' Law Dictionary (i.e., bear witness (under oath) to the facts contained in the previously issued citation) and did not contemplate that the original citation be signed by the police officer in his handwriting after he had issued the same and thereafter had appeared before the justice of the peace. In this connection, it is to be observed that in rule 134(4) the Supreme Court has used the word "attest" and not the word "signature" called for in rule 104(10) and rule 132(6) or the word "subscribe" called for in the constitutional article. A change of language in separate provisions of a statute is prima facie evidence of a change of intent: Novicki v. O'Mara, 280 Pa. 411, 416 (1924). And see State v. Morgan, 51 N.W. 2d 61 (Minn., 1952), where, in construing a statute which required the jury list to be *certified* and *signed* by the chairman of the county board *attested* by the auditor, the court accepted and applied Webster's New International Dictionary (2 ed.) definition of "attest": "To bear witness to; to certify; to affirm to be true or genuine." Also persuasive of this interpretation is the fact that rule 132 does not call for a form of affidavit or jurat, in the citation, to be executed by the officer and the form of citation set forth in rule 133(a) does not

include an affidavit or jurat for the officer's execution or signature.[7]

It is my conclusion that in motor vehicle violation prosecutions of a summary nature in Bucks County which are commenced by the issuance of a citation under rules 102.6 and 132, in order to meet the constitutional requirement for a valid arrest warrant, it was the intention of the framers of the Rules of Criminal Procedure that the citation to be signed in handwriting by the prosecuting officer at the time of the issuance thereof and that prior to the issuance of the arrest warrant he appear before the justice of the peace to swear to the truth of the contents of the citation and that, therefore, the absence from the citation of the officer's name signed in his handwriting at the time of issuance of the citation constitutes a substantive defect therein, regardless whether it ever becomes necessary to issue and serve an arrest warrant in order for the justice of the peace to obtain jurisdiction of the person of the accused. This conclusion receives some support from the import of rule 132B, which allows the citation to contain information in addition to that required by rule 132A, but provides: "Failure of any person to make or complete such additional information shall not affect the validity of the citation or a prosecution commenced thereby."

I do not think it was intended that substantive defects in a citation should be limited to those inserted in the comment to rule 115: "those cases

---

[7] On the original citation (the copy of the justice of the peace) actually issued in the case before us, there is a printed form for affidavit and jurat which was never completed by the hand signatures of either the justice of the peace or the officer, and the blank spaces therein remain void.

where the defendant or the offense is not properly named or described." If that was the intent, it seems that it would have been explicitly so stated in the rule.

It is my opinion: Since Officer Naegele had not in his handwriting affixed his name to the citation in this case, a substantive defect exists therein. When defendant first appeared before the justice of the peace on April 22, 1971, he, through his attorney, pleaded the defect in the citation. This was in the nature of a special appearance denying personal jurisdiction over him. The effect of such an appearance was not to consent to jurisdiction but amounted to a refusal to consent thereto. Compare Commonwealth v. Crowl, 32 D. & C. 2d 39, 45 (1963). Upon entry of such a plea, the justice of the peace was obligated to discharge defendant. "If at any time prior to disposition of a case by an issuing authority it appears that a warrant, summons, complaint or citation contains a substantive defect, the defendant shall be discharged. . .": Rule 115. The justice of the peace had no jurisdiction to proceed to a hearing on the merits or enter a judgment of guilty. He was required to strictly follow the rule. Compare Commonwealth v. Rose, 437 Pa. 30 (1970). The taking of an appeal did not constitute a waiver.